1  Victor A. Sahn (CA Bar No. 97299)
       vsahn@sulmeyerlaw.com
2  Daniel A. Lev (CA Bar No. 129622)
       dlev@sulmeyerlaw.com
3  David J. Richardson (CA Bar No. 168592)
       drichardson@sulmeyerlaw.com
4  Asa S. Hami (CA Bar No. 210728)
       ahami@sulmeyerlaw.com
5  **Sulmeyer**Kupetz
   A Professional Corporation
6  333 South Hope Street, Thirty-Fifth Floor
   Los Angeles, California  90071-1406
7  Telephone: 213.626.2311
   Facsimile: 213.629.4520
8
   Attorneys for Plaintiff Official Committee of Unsecured Creditors
9
                     **UNITED STATES BANKRUPTCY COURT**
10
            **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**
11

| | |
|---|---|
| In re | Case No. 2:13-bk-14135-RK |
| ART AND ARCHITECTURE BOOKS OF THE 21st CENTURY, a California corporation, | Chapter 11 |
| Debtor. | |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE BANKRUPTCY ESTATE OF ART AND ARCHITECTURE BOOKS OF THE 21st CENTURY, | Adversary No. _____ **COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS, AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS, PRESERVATION OF AVOIDED TRANSFERS, TURNOVER OF PROPERTY OF THE ESTATE, DETERMINATION OF VOID LIEN, DISALLOWANCE OF CLAIM [CLAIM NO. 2-1], AND DECLARATORY RELIEF** |
| Plaintiff, | |
| vs. | |
| BEN JEWELRY, INC., a California corporation, dba SOUTH BEVERLY-WILSHIRE JEWELRY & LOAN, and dba THE DINA COLLECTION, | Date:    TO BE SET BY SUMMONS Time:    TO BE SET BY SUMMONS Place:   Courtroom 1675            255 East Temple Street            Los Angeles, CA 90012 |
| Defendant. | |

ASH\ 2443978.1

1    For this Complaint (the "Complaint"), plaintiff Official Committee of Unsecured Creditors

2    of the Bankruptcy Estate of Art and Architecture Books of the 21st Century ("Plaintiff" or the

3    "Committee"), hereby alleges as follows:

4    **STATEMENT OF JURISDICTION, NATURE OF PROCEEDING, AND VENUE**

5    1.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(b)(1) and

6    1334(a).  This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (E), (F), (H), and

7    (O).  This action is a proceeding arising in and/or related to the bankruptcy case styled *In re Art*

8    *and Architecture Books of the 21st Century*, Case No. 2:13-bk-14135-RK (the "Bankruptcy

9    Case"), which is a case under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et*

10    *seq.*, (the "Bankruptcy Code"), and which is pending in the United States Bankruptcy Court for

11    the Central District of California, Los Angeles Division (the "Bankruptcy Court" or "Court").

12    Regardless of whether this proceeding is core, non-core, or otherwise, Plaintiff consents to the

13    entry of a final order and judgment by the Bankruptcy Court.

14    2.    Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a).

15    **PARTIES AND ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

16    3.    Plaintiff is the duly appointed Official Committee of Unsecured Creditors in the

17    Bankruptcy Case.  On March 28, 2013, the United States Trustee (the "UST") filed its notice of

18    appointment of the Committee.  The Committee originally included Eric Wilson, Seth Landsberg,

19    and Simon Rubinstein.  On December 10, 2013, the UST filed its amended notice appointment of

20    the Committee, appointing Alan and Vivien Hassenfeld to the Committee in place of Mr.

21    Rubinstein.  Plaintiff brings this action solely in its capacity as the Committee in the Bankruptcy

22    Case for the benefit of the bankruptcy estate (the "Estate") and its creditors.  To the extent that

23    Plaintiff hereby asserts claims under 11 U.S.C. § 544, Plaintiff is informed and believes, and based

24    thereon alleges, that there exists in this case one or more creditors holding unsecured claims

25    allowable under 11 U.S.C. § 502, or that are not allowable only under 11 U.S.C. § 502(e), who

26    could have avoided the respective transfers or liens alleged in this Complaint under California or

27    other applicable law before the Petition Date (defined below).

28    4.    Plaintiff reserves the right to amend this Complaint to allege additional claims

1    against the above-captioned defendant, and to challenge, avoid and/or recover transfers other than

2    and in addition to the transfers currently alleged in this Complaint (each, a "Transfer," and,

3    collectively, the "Transfers").

4          5.       Plaintiff is informed and believes, and based thereon alleges, that defendant Ben

5    Jewelry, Inc., dba South Beverly-Wilshire Jewelry & Loan, and also dba The Dina Collection

6    ("Defendant"), is a corporation organized and existing under and by virtue of the laws of the State

7    of California.  Plaintiff is further informed and believes, and based thereon alleges, that Defendant

8    is authorized to and does conduct business in the State of California.  Plaintiff is further informed

9    and believes, and based thereon alleges, that Defendant is or, at all relevant times was, doing

10   business as South Beverly-Wilshire Jewelry & Loan, and also The Dina Collection.

11         6.       Plaintiff is informed and believes, and based thereon alleges, that Art and

12   Architecture Books of the 21st Century, the above-captioned debtor and debtor in possession (the

13   "Debtor"), is a California corporation that was formed on or about June 18, 1999.  Plaintiff is

14   further informed and believes, and based thereon alleges, that Douglas Chrismas ("Chrismas") is

15   president and sole shareholder of the Debtor.

16         7.       Plaintiff is informed and believes, and based thereon alleges, that, on or about

17   December 3, 2012, Defendant, on the one hand, and Chrismas, on the other hand, entered a loan

18   agreement (the "December Loan Agreement") pursuant to which Defendant loaned to Chrismas

19   the principal sum of $100,000.00 (the "December Loan"), secured by artwork collateral identified

20   in such loan agreement as "Sam Francis Acrylic on Canvas, 1968, Titled SFO 68-17 11'6" Tall by

21   13' Wide" (the "December Artwork").  The December Loan Agreement identifies Chrismas only

22   as the borrower under the December Loan, and does not identify the Debtor in the agreement in

23   any capacity.

24         8.       Plaintiff is informed and believes, and based thereon alleges, that, at or about the

25   time of the December Loan and in connection therewith, the December Artwork was transferred to

26   Defendant and Defendant currently maintains, and at all relevant times maintained, possession,

27   custody, or control of or over the December Artwork (the "December Artwork Transfer").

28   Plaintiff is further informed and believes, and based thereon alleges, that at the time of the

1  December Artwork Transfer, the December Artwork belonged to and was owned by the Debtor.

2     9.  Plaintiff is informed and believes, and based thereon alleges, that, on or about

3  January 22, 2013, Defendant, on the one hand, and Chrismas, on the other hand, entered a loan

4  agreement (the "January Loan Agreement" and together with the December Loan Agreement, the

5  "Loan Agreements") pursuant to which Defendant loaned to Chrismas the principal sum of

6  $200,000.00 (the "January Loan" and together with the December Loan, the "Loans"), secured by

7  four items of artwork collateral identified in such loan agreement as follows: (a) "Time

8  Hawkinson 'Sweet Tweet' Bronze Sculpture, 2004;" (b) "Sam Francis Acrylic 1966 8.5' X 6.3';"

9  (c) "Sam Francis Acrylic 1965 54" X 25";" and (d) "Sam Francis Acrylic 1966 7.3' X 9.8'

10  (collectively, the "January Artwork" and, together with the December Artwork, the "Artwork").

11  The January Loan Agreement identifies Chrismas only as the borrower under the January Loan,

12  and does not identify the Debtor in the agreement in any capacity.

13     10.  Plaintiff is informed and believes, and based thereon alleges, that, at or about the

14  time of the January Loan and in connection therewith, the January Artwork was transferred to

15  Defendant and Defendant currently maintains, and at all relevant times maintained, possession,

16  custody, or control of or over the January Artwork (the "January Artwork Transfer" and, together

17  with the December Artwork Transfer, the "Artwork Transfers").  Plaintiff is further informed and

18  believes, and based thereon alleges, that at the time of the January Artwork Transfer, the January

19  Artwork belonged to and was owned by the Debtor.

20     11.  Plaintiff is informed and believes, and based thereon alleges, that at the time of the

21  Artwork Transfers, the Artwork had a collective value of at least $400,000.00.

22     12.  Plaintiff is further informed and believes, and based thereon alleges, that, at or

23  about the time of the Loans, Defendant filed or recorded one or more UCC-1 financing statements

24  to secure one or both of the Loans (the "Financing Statements"), purporting to obtain a security

25  interest in the Debtor's property to secure the Loans (the "Security Interest Transfers").

26     13.  Plaintiff is informed and believes, and based thereon alleges, that the Debtor, using

27  funds belonging to the Debtor, made payments to Defendant that Defendant received in the

28  aggregate of at least $58,006.00 as follows (collectively, the "Money Transfers"):

ASH\ 2443978.1

4

a. on or about December 3, 2012, $20,003.00;

b. on or about December 24, 2012, $8,000.00;

c. on or about January 22, 2013, $15,000.00; and

d. on or about January 25, 2013, $15,003.00.

14. Plaintiff is informed and believes, and based thereon alleges, that Defendant did not make any loan or payments, or provide any other form of consideration or value of any sort, to the Debtor, in exchange for any of the Artwork Transfers, the Security Interest Transfers, or the Money Transfers (each, a "Transfer" and, collectively, the "Transfers"), or otherwise.

15. Plaintiff is informed and believes, and based thereon alleges, that, at the time or as a result of each of Transfer, the Debtor was or became insolvent, was left with an unreasonably small capital to engage in its business, and/or otherwise was not paying or became unable to pay its debts as such debts matured.  Plaintiff is further informed and believes, and based thereon alleges, that each Transfer was a transfer of property of the Debtor.

16. On February 19, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Since then, the Debtor has been operating its business and managing its affairs as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

17. On March 5, 2013, the Debtor filed its bankruptcy schedules identifying assets in the sum of $12,088,249.12 and liabilities in the sum of $21,553,463.90.  Plaintiff is informed and believes, and based thereon alleges, that certain of these liabilities and a number, if not most, of the claims asserted against the Debtor in the Bankruptcy Case, relate to debts of the Debtor that arose prior to or at or about the time of the Transfers.

18. Plaintiff has entered, is entering, or will be entering a stipulation with the Debtor pursuant to which, among other things, the Debtor transfers and assigns to Plaintiff any and all of the Debtor's rights to pursue each and every claim for relief asserted in this Complaint, and conferring on Plaintiff any and all requisite standing and authority to pursue such claims for relief against Defendant.

## FIRST CLAIM FOR RELIEF

### (For Avoidance of Transfer Under 11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(1))

19.     Plaintiff realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 18 above, inclusive, as though set forth in full.

20.     Plaintiff is informed and believes, and based thereon alleges, that each of the Transfers was made by the Debtor within four years before the Petition Date with actual intent to hinder, delay, or defraud creditors of the Debtor in that, among other things:

a.     Chrismas is an insider of the Debtor;

b.     Each of the Transfers was made for the benefit of an insider;

c.     Before one or more of the Transfers, the Debtor had been sued or threatened with suit;

d.     The Debtor received no value or consideration, or less than reasonably equivalent value or consideration, in exchange for each of the Transfers;

e.     The Debtor was insolvent at the time of the Transfers or rendered insolvent as a result of the Transfers, or shortly thereafter, or otherwise was not paying its debts as such debts matured or came due.

f.     The Transfers occurred shortly before or shortly after the Debtor incurred substantial debt; and

g.     The Debtor made the Transfers, especially the Artwork Transfers, to Defendant with full knowledge that the loans for which the Transfers were being made were loans to Chrismas and not to the Debtor.

21.     Interest on each Transfer has accrued, and continues to accrue, from the date of each Transfer.

22.     Plaintiff is entitled to an order and/or judgment that each Transfer is avoided and/or providing any other remedy available under applicable law.

## SECOND CLAIM FOR RELIEF

### (For Avoidance of Transfer Under 11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(2))

23.     Plaintiff realleges and incorporates herein by this reference each and every

1 | allegation contained in paragraphs 1 through 22 above, inclusive, as though set forth in full.

2 |     24.    Plaintiff is informed and believes, and based thereon alleges, that, at the time of

3 | each Transfer: (a) the Debtor was engaged or was about to engage in a business or transaction for

4 | which the remaining assets of the Debtor were unreasonably small in relation to the business or

5 | transaction; and/or (b) the Debtor intended to incur, or believed or reasonably should have

6 | believed that it would incur, debts beyond its ability to pay as they became due.

7 |     25.    Interest on each Transfer has accrued, and continues to accrue, from the date of

8 | each Transfer.

9 |     26.    Plaintiff is entitled to an order and/or judgment that each Transfer is avoided and/or

10 | providing any other remedy available under applicable law.

11 | **THIRD CLAIM FOR RELIEF**

12 | **(For Avoidance of Transfer Under 11 U.S.C. § 544 and Cal. Civil Code § 3439.05)**

13 |     27.    Plaintiff realleges and incorporates herein by this reference each and every

14 | allegation contained in paragraphs 1 through 26 above, inclusive, as though set forth in full.

15 |     28.    Plaintiff is informed and believes, and based thereon alleges, that the Debtor was

16 | insolvent at the time of each Transfer or became insolvent as a result of each Transfer.

17 |     29.    Interest on each Transfer has accrued, and continues to accrue, from the date of

18 | each Transfer.

19 |     30.    Plaintiff is entitled to an order and/or judgment that each Transfer is avoided and/or

20 | providing any other remedy available under applicable law.

21 | **FOURTH CLAIM FOR RELIEF**

22 | **(For Avoidance of Transfer Under 11 U.S.C. § 548(a)(1)(A))**

23 |     31.    Plaintiff realleges and incorporates herein by this reference each and every

24 | allegation contained in paragraphs 1 through 30 above, inclusive, as though set forth in full.

25 |     32.    Plaintiff is informed and believes, and based thereon alleges, that each Transfer

26 | occurred within two years prior to the Petition Date.

27 |     33.    Interest on each Transfer has accrued, and continues to accrue, from the date of

28 | each Transfer.

1    34.    Plaintiff is entitled to an order and/or judgment that each Transfer is avoided and/or

2    providing any other remedy available under applicable law.

3    **FIFTH CLAIM FOR RELIEF**

4    **(For Avoidance of Transfer Under 11 U.S.C. § 548(a)(1)(B))**

5    35.    Plaintiff realleges and incorporates herein by this reference each and every

6    allegation contained in paragraphs 1 through 34 above, inclusive, as though set forth in full.

7    36.    Plaintiff is informed and believes, and based thereon alleges, that, at the time of

8    each Transfer, the Debtor: (a) was insolvent or became insolvent as a result of such Transfer; (b)

9    was engaged in business or a transaction, or was about to engage in business or a transaction, for

10    which any property remaining with the Debtor was an unreasonably small capital; and/or (c)

11    intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as

12    such debts matured.

13    37.    Interest on each Transfer has accrued, and continues to accrue, from the date of

14    each Transfer.

15    38.    Plaintiff is entitled to an order and/or judgment that each Transfer is avoided and/or

16    providing any other remedy available under applicable law.

17    **SIXTH CLAIM FOR RELIEF**

18    **(For Avoidance of Transfer Under 11 U.S.C. § 547)**

19    39.    Plaintiff realleges and incorporates herein by this reference each and every

20    allegation contained in paragraphs 1 through 18 above, inclusive, as though set forth in full.

21    40.    Plaintiff is informed and believes, and based thereon alleges, that each Transfer

22    was made within 90 days prior to the Petition Date.

23    41.    To the extent the Debtor was the borrower under one or both of the Loans, Plaintiff

24    is informed and believes, and based thereon alleges, that each of the Transfers was made on

25    account of an antecedent debt owed by the Debtor before such Transfer was made.

26    42.    Plaintiff is informed and believes, and based thereon alleges, that each of the

27    Transfers was made while the Debtor was insolvent.

28    43.    Plaintiff is informed and believes, and based thereon alleges, that each of the

1    Transfers enabled Defendant to receive more than it would receive if this case were a case under

2    chapter 7 of the Bankruptcy Code, the Transfer had not been made, and it received payment on its

3    debt to the extent provided by the Bankruptcy Code.

4        44.    Interest on each Transfer has accrued, and continues to accrue, from the date of

5    each such Transfer.

6        45.    Plaintiff is entitled to an order and/or judgment that each Transfer is avoided and/or

7    providing any other remedy available under applicable law.

8                    **SEVENTH CLAIM FOR RELIEF**

9                **(For Recovery of Transfer Under 11 U.S.C. § 550)**

10       46.    Plaintiff realleges and incorporates herein by this reference each and every

11    allegations contained in paragraphs 1 through 45 above, inclusive, as though set forth in full.

12       47.    Plaintiff if informed and believes, and based thereon alleges, that Defendant was

13    the transferee (initial or otherwise) of each Transfer, or that each Transfer was made to or for its

14    benefit.

15       48.    Plaintiff is entitled to an order and/or judgment for the recovery of each Transfer,

16    or the value thereof, together with interest at the applicable rate from the date of the Transfer.

17                    **EIGHTH CLAIM FOR RELIEF**

18                **(For Determination of Void Lien Under 11 U.S.C. § 506(d))**

19       49.    Plaintiff realleges and incorporates herein by this reference each and every

20    allegations contained in paragraphs 1 through 48 above, inclusive, as though set forth in full.

21       50.    The Financing Statements and the related purported security interests (the "Security

22    Interests") purport to secure a claim against the Debtor that is not an allowed secured claim.

23       51.    Plaintiff is entitled to an order and/or judgment that the Financing Statement and

24    Security Interests are void under 11 U.S.C. § 506(d).

25                    **NINTH CLAIM FOR RELIEF**

26                **(For Preservation of Transfer Under 11 U.S.C. § 551)**

27       52.    Plaintiff realleges and incorporates herein by this reference each and every

28    allegations contained in paragraphs 1 through 51 above, inclusive, as though set forth in full.

53.     Plaintiff is entitled to an order and/or judgment preserving each Transfer for the benefit of the Estate.

## TENTH CLAIM FOR RELIEF

### (For Turnover of Property of the Estate Under 11 U.S.C. § 542(a))

54.     Plaintiff realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 53 above, inclusive, as though set forth in full.

55.     Plaintiff is informed and believes, and based thereon alleges, that the funds, Artwork and property relating to the Security Interests Transfers transferred to Defendant is property of the Estate pursuant to, among other things, 11 U.S.C. § 541.

56.     Plaintiff is informed and believes, and based thereon alleges, that Defendant is an entity, other than a custodian, in possession, custody, or control, during this bankruptcy case, of property that the Estate that the Debtor may use, sell, or lease under 11 U.S.C. § 363, and such property is not of inconsequential value or benefit to the Estate.

57.     Plaintiff is entitled to an order and/or judgment for the turnover of the Artwork, the funds comprising the Money Transfers, and the interests transferred by the Security Interest Transfers, of the values thereof, or such other amounts due and owing and subject to recovery, together with interest at the applicable rate.

## ELEVENTH CLAIM FOR RELIEF

### (For Turnover of Property of the Estate and Payment of Debt Under 11 U.S.C. § 542(b))

58.     Plaintiff realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 53 above, inclusive, as though set forth in full.

59.     Plaintiff is informed and believes, and based thereon alleges, that the funds, Artwork and property relating to the Security Interests Transfers transferred to Defendant is property of the Estate pursuant to, among other things, 11 U.S.C. § 541.

60.     Plaintiff is informed and believes, and based thereon alleges, that, as a result of the Transfers, Defendant owes a debt that is property of the Estate and that is matured, payable on demand, or payable on order and such debt may not be offset under 11 U.S.C. § 553 against a claim against the Debtor.

61.     Plaintiff is entitled to an order and/or judgment for the turnover of the Artwork, the funds comprising the Money Transfers, and the interests transferred by the Security Interest Transfers, of the values thereof, or such other amounts due and owing and subject to recovery, together with interest at the applicable rate.

**TWELFTH CLAIM FOR RELIEF**

**(For Disallowance of Claim Under 11 U.S.C. § 502(d))**

62.     Plaintiff realleges and incorporates herein by this reference each and every allegations contained in paragraphs 1 through 61 above, inclusive, as though set forth in full.

63.     On March 31, 2013, Defendant filed a proof of claim in the Bankruptcy Case, which claim was designated on the Claims Register for the Bankruptcy Case as Claim No. 2-1 (the "Defendant Claim").  A true and correct copy of the Defendant Claim is appended hereto as Exhibit 1.

64.     The Defendant Claim should be disallowed pursuant to 11 U.S.C. § 502(d).

**THIRTEENTH CLAIM FOR RELIEF**

**(For Declaratory Relief)**

65.     Plaintiff realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 64 above, inclusive, as though set forth in full.

66.     Plaintiff is informed and believes, and based thereon alleges, that an actual controversy exists between Plaintiff and Defendant regarding the extent, validity, enforceability, and priority of the Financing Statements and the Security Interests.

67.     For all the reasons set forth herein, Plaintiff contends that the Financing Statements and the Security Interests are void or should be cancelled, avoided, extinguished, or otherwise expunged, and that the interests and rights of the Estate in the property that is the subject of the Financing Statements and Security Interests are superior to those of Defendant.  Plaintiff is informed and believes, and based thereon alleges, that Defendant would dispute such allegations and would contend that the Financing Statements and Security Interests are valid and should remain in effect.

68.     As a result of the foregoing controversies and disputes, a judicial declaration of one

1  or more of the following is necessary and appropriate: (a) that each of the Financing Statements

2  and Security Interests is invalid, void and/or otherwise unenforceable; (b) that each of the

3  Financing Statements and Security Interests should be cancelled, avoided, extinguished, or

4  otherwise expunged; (c) that any transfer resulting from the Financing Statements or Security

5  Interests is avoidable and recoverable by Plaintiff; (d) that Defendant has no right or claim to,

6  interest in, or lien against, the property that is the subject of the Financing Statements or Security

7  Interests; and (e) that Plaintiff is entitled to such property free and clear of the Financing

8  Statements, the Security Interests, or any other purported lien Defendant may assert against such

9  property.

10      **WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

11      **ON THE FIRST CLAIM FOR RELIEF:**

12      1.      For an order and/or judgment that each Transfer is avoided;

13      2.      For an order and/or judgment providing any other remedy available under

14  applicable law, including, but not limited to, section 3439.07 of the California Civil Code;

15      **ON THE SECOND CLAIM FOR RELIEF:**

16      3.      For an order and/or judgment that each Transfer is avoided;

17      4.      For an order and/or judgment providing any other remedy available under

18  applicable law, including, but not limited to, section 3439.07 of the California Civil Code;

19      **ON THE THIRD CLAIM FOR RELIEF:**

20      5.      For an order and/or judgment that each Transfer is avoided;

21      6.      For an order and/or judgment providing any other remedy available under

22  applicable law, including, but not limited to, section 3439.07 of the California Civil Code;

23      **ON THE FOURTH CLAIM FOR RELIEF:**

24      7.      For an order and/or judgment that each Transfer is avoided;

25      8.      For an order and/or judgment providing any other remedy available under

26  applicable law;

27      **ON THE FIFTH CLAIM FOR RELIEF:**

28      9.      For an order and/or judgment that each Transfer is avoided;

1    10.    For an order and/or judgment providing any other remedy available under

2 applicable law;

3    **ON THE SIXTH CLAIM FOR RELIEF:**

4    11.    For an order and/or judgment that each Transfer is avoided;

5    12.    For an order and/or judgment providing any other remedy available under

6 applicable law;

7    **ON THE SEVENTH CLAIM FOR RELIEF:**

8    13.    For an order and/or judgment that Plaintiff shall recover each Transfer, or the value

9 thereof, together with interest at the applicable rate from the date of each Transfer;

10    **ON THE EIGHTH CLAIM FOR RELIEF:**

11    14.    For an order and/or judgment that the Financing Statement and Security Interests

12 are void;

13    **ON THE NINTH CLAIM FOR RELIEF:**

14    15.    For an order and/or judgment preserving each Transfer for the benefit of the Estate;

15    **ON THE TENTH CLAIM FOR RELIEF:**

16    16.    For an order and/or judgment for the turnover of the Artwork, the funds comprising

17 the Money Transfers, and the interests transferred by the Security Interest Transfers, or the values

18 thereof, or such other amounts due and owing and subject to recovery, together with interest at the

19 applicable rate

20    **ON THE ELEVENTH CLAIM FOR RELIEF:**

21    17.    For an order and/or judgment for the turnover of the Artwork, the funds comprising

22 the Money Transfers, and the interests transferred by the Security Interest Transfers, or the values

23 thereof, or such other amounts due and owing and subject to recovery, together with interest at the

24 applicable rate

25    **ON THE TWELFTH CLAIM FOR RELIEF:**

26    18.    For an order and/or judgment that the Defendant Claim, or any other claim that

27 may be filed or asserted by Defendant, is disallowed in its entirety;

28

1    <u>**ON THE THIRTEENTH CLAIM FOR RELIEF:**</u>

2    19.    For an order and/or judgment declaring, or other appropriate form of judicial

3    declaration of, one or more of the following: (a) that each of the Financing Statements and

4    Security Interests is invalid, void and/or otherwise unenforceable; (b) that each of the Financing

5    Statements and Security Interests should be cancelled, avoided, extinguished, or otherwise

6    expunged; (c) that any transfer resulting from the Financing Statements or Security Interests is

7    avoidable and recoverable by Plaintiff; (d) that Defendant has no right or claim to, interest in, or

8    lien against, the property that is the subject of the Financing Statements or Security Interests; and

9    (e) that Plaintiff is entitled to such property free and clear of the Financing Statements, the

10   Security Interests, or any other purported lien Defendant may assert against such property.

11   <u>**ON ALL CLAIMS FOR RELIEF:**</u>

12   20.    For costs of suit incurred herein, including, without limitation, attorneys' fees; and

13   21.    For such other and further relief as is proper.

14   Dated: February 18, 2015        **Sulmeyer**Kupetz
                                      A Professional Corporation

15

16

17                                   By:   */s/ Victor A. Sahn*
                                           Victor A. Sahn

18                                         Attorneys for Plaintiff
                                           Official Committee of Unsecured Creditors

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

B 10 (Official Form 10) (12/12)

| UNITED STATES BANKRUPTCY COURT | Central District of California ▼ | PROOF OF CLAIM |
|---|---|---|

**Name of Debtor:**
Art and Architecture Books of the 21st Century dba ACE GALLERY

**Case Number:**
2:13-bk-14135-RK

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

**Name of Creditor (the person or other entity to whom the debtor owes money or property):**
Ben Jewelry, Inc. dba South Beverly-Wilshire Jewelry & Loan also dba the Dina Collection

**COURT USE ONLY**

**Name and address where notices should be sent:**
Michael F. Frank, Esq. SBN 125149
Michael F. Frank, Attorney at Law
9901 Durant Drive, Suite H
Beverly Hills, CA 90212
Telephone number: (310) 277-2559     email: mfrankatty@aol.com

❑ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
  *(If known)*

Filed on:_____

**Name and address where payment should be sent (if different from above):**
Ben Jewelry, Inc.
249 S. Beverly Drive
Beverly Hills, CA 90212
Telephone number: (310) 888-1818     email: Yossi Dina <yossid@pacbell.net>

❑ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**     $          300,000.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** two (2) pawn loans
  (See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:** 52376 & 52123 | **3a. Debtor may have scheduled account as:** **S. Beverly J&L** (See instruction #3a) | **3b. Uniform Claim Identifier (optional):** - - - - - _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ (See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ❑Real Estate  ❑Motor Vehicle  ☑Other
**Describe:** 3-Sam Francis Acrylic Canvas Paintings, one entitled SFP 68-17, two untitled, and 1-Hawkinson "Sweet Tweet" Bronze Sculpture
**Value of Property:** $  $400,000.00
**Annual Interest Rate** 48 %  ☑Fixed  or  ❑Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$          0
**Basis for perfection:** pawn loans, UCC-1s, and possession

**Amount of Secured Claim:** $  300,000.00

**Amount Unsecured:** $          0

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

❑ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❑ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❑ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❑ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❑ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❑ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(___).

**Amount entitled to priority:**
$_____

*\*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

15

B 10 (Official Form 10) (12/12)            2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

---

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.    ☑ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: **Michael F. Frank**
Title: **Attorney for Claimant/Creditor**
Company: **Michael F. Frank, Attorney at Law**
Address and telephone number (if different from notice address above):
**9901 Durant Dr., Suite H**

**Beverly Hills, CA 90212**

Telephone number: **(310) 277-2559**    email: **mfrankatty@aol.com**

/s/ Michael F. Frank      February 28, 2013
(Signature)                (Date)

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and any documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

THIS IS A PLEDGE AND NOT A SALE
(Calif. State Lic #1910-0991)

# South Beverly-Wilshire
# Jewelry & Loan

**CASH ONLY FOR REDEMPTION**

CHARGE FOR LOST TICKET

CHARGE FOR NOTICE SENT

**CASH ONLY**
NO GOODS SHOWN UNTIL PAID FOR. NO CHECKS ACCEPTED.

251 S. Beverly Dr. · Beverly Hills, CA 90212
(Member of California Pawnbrokers Association)
☀ (310) 888-1818 ★ Fax (310) 888-8705 ☀

| LOAN DATE | 12/03/12 |
|---|---|

24 HOUR NOTICE REQUIRED TO REDEEM ALL LOANS

| LOAN NO. | 52123 |
|---|---|

## TRUTH IN LENDING

You are giving a security interest in the following pledged goods.

S. BEVERLY WILSHIRE J & L

**MATURITY DATE**
Date this loan is due. **04/03/2013**

**AMOUNT FINANCED**
The amount of cash or credit given directly to you. **100,000.00**

**FINANCE CHARGE**
The dollar amount the credit will cost you. **16,000.00**

**TOTAL OF PAYMENTS**
Amount required to redeem pawn on Maturity Date. **116,000.00**

**ANNUAL PERCENTAGE RATE**
The cost of your credit as a yearly rate. **48.00**

1 PAINTING        SAM FRANCIS        q        00:00
SFP 68-17              NONE
SAM FRANCIS ACRYLIC ON CANVAS, 1968, TITLED SFO 68-17 11'6"
TALL BY 13' WIDE

Org= 49659 Re= 51345 LA MODERN

We must return your property within two business days if your property is stored off premises.
Your pawned property will be stored ON ☐ OFF ☑ premises.

Customer Identification

**PAYMENT SCHEDULE**
This is a single payment contract with the "TOTAL OF PAYMENTS" amount due upon the "MATURITY DATE".

CHRISMAS DOUGLAS
5514 WILSHIRE          LOS ANGELES        CA 90036
087040532        20 M W WHT BLU 5-1 190        CA

**PREPAYMENT**: Interest is calculated on a monthly basis and savings may be made by paying off the loan on or prior to monthly anniversary date. (See "Schedule of Charges")

See the remainder of this contract for additional information concerning nonpayment and default and prepayment refunds or penalties.

### SCHEDULE OF CHARGES

| ON AMT DUE | 1/03/13 104000.00 |
|---|---|
| ON AMT DUE | 2/03/13 108000.00 |
| ON AMT DUE | 3/03/13 112000.00 |
| ON AMT DUE | 4/03/13 116000.00 |
| ON AMT DUE | 4/13/13 120003.00 |

**Customer Privacy Notice:** We collect nonpublic personal information about you as a consumer, customer or former customer from the following sources: • Information we receive from you on our pawn forms, loan documents, sales documents, or other forms; • Information about your transactions with us, our affiliates, or others.
We do not disclose any nonpublic personal information about our customers or former customers to anyone, except to our affiliates and as permitted by law.
We restrict access to nonpublic personal information about you to those employees who need to know that information to provide products or services to you. We maintain safeguards that restrict access to your nonpublic personal information.

• SEE REVERSE SIDE FOR TERMS AND CONDITIONS •

YOU MAY REDEEM THE PROPERTY YOU HAVE PLEDGED AT ANY TIME UNTIL THE CLOSE OF BUSINESS ON 04/03/13 . TO REDEEM YOU MUST PAY THE AMOUNT OF THE LOAN AND THE APPLICABLE CHARGES WHICH HAVE ACCRUED THROUGH THE DATE ON WHICH YOU REDEEM.

By signing, I am stating that I agree that the pawned property will be stored in accordance with the terms stated in this contract, and that I have read the terms and back of this contract and agree to them.

52123

X

| Explanation of Finance Charges | Interest | Ticket Writing Fee | Storage Fees | Gun Fees | Miscellaneous |
|---|---|---|---|---|---|
| | 16,000.00 | .00 | 0.00 | | .00 |

This loan contract has been assigned by South Beverly Wilshire Jewelry & Loan to Israel Discount Bank of New York.

**ALL BUSINESS STRICTLY CONFIDENTIAL - NO INFORMATION GIVEN VIA TELEPHONE - STORE COPY - NOT NEGOTIABLE**

| NAME LAST | FIRST | MIDDLE | LOAN/BUY NUMBER | AMOUNT |
|---|---|---|---|---|
| CHRISMAS DOUGLAS | | | 52123 | 100,000.00 |

| DRIVERS LICENSE NO. OR OTHER I.D. | STATE | YEAR EXPIRES | TRANSACTION DATE MO/DAY/YR | TIME |
|---|---|---|---|---|
| | | | 12/03/12 | 00:00 |

| ADDRESS | STREET | | TRADE ☐ | BUY ☐ | PAWN ☒ |
|---|---|---|---|---|---|
| | | | CONSIGN ☐ | AUCTION ☐ | REWRITE ☐ |

| CITY | STATE | ZIP | SEX | RACE | HAIR | EYES | HEIGHT | WEIGHT |
|---|---|---|---|---|---|---|---|---|

| ITEM | BRAND | SERIAL | BIRTHDAY MO/DAY/YR. |
|---|---|---|---|
| 1 PAINTING | SAM FRANCIS | NONE | 04/09/44 |

| MODEL | MAKE | CAL/GAU | PREVIOUS TICKET # | RIGHT THUMB PRINT |
|---|---|---|---|---|
| SFP 68-17 | SAM FRANCIS | | 51345 | |

| STORE LIC NO. 1910-0991 | SO. BEVERLY-WILSHIRE JEWELRY & LOAN 251 S. Beverly Drive · Beverly Hills, CA 90212 | POLICE DIV. BEVERLY HILLS |
|---|---|---|

SAM FRANCIS ACRYLIC ON CANVAS, 1968, TITLED SFO 68-17 11'6"
TALL BY 13' WIDE

Hand Gun ☐ / Shot Gun ☐ / Air Gun ☐
Rifle ☐ / Bolt Action ☐ / Pump ☐
Lever Action ☐ / Single Shot ☐ / Revol. ☐
Dbl. Brl. ☐ / Semi. Auto ☐ / Over Under ☐

X

**CUSTOMER'S SIGNATURE:** I certify under penalty of perjury that to my knowledge and belief the information above is true and complete and I am the owner, or have authority of the owner to sell or pledge the property.

STORE PERSON'S SIGNATURE

52123
CHRISMAS DOUG
12/03/2012
Pre# 51345
HXXXX
Org# 49659
Teller q
LA MODERN
1 PAINTING

17

# South Beverly-Wilshire
## Jewelry & Loan

### 251 S. Beverly Dr. · Beverly Hills, CA 90212
(Member of California Pawnbrokers Association)

❋ **(310) 888-1818** ❋ Fax **(310) 888-8705** ❋

**24 HOUR NOTICE REQUIRED TO REDEEM ALL LOANS**

**CASH ONLY**
NO GOODS SHOWN UNTIL PAID FOR.
NO CHECKS ACCEPTED.

**CASH ONLY FOR REDEMPTION**
CHARGE FOR LOST TICKET
CHARGE FOR NOTICE SENT

LOAN DATE 01/22/13

LOAN NO. 52376

## TRUTH IN LENDING

You are giving a security interest in the following pledged goods.

| | |
|---|---|
| **MATURITY DATE** Date this loan is due. | 05/22/2013 |
| **AMOUNT FINANCED** The amount of cash or credit given directly to you. | 200,000.00 |
| **FINANCE CHARGE** The dollar amount the credit will cost you. | 32,000.00 |
| **TOTAL OF PAYMENTS** Amount required to redeem pawn on Maturity Date. | 232,000.00 |
| **ANNUAL PERCENTAGE RATE** The cost of your credit as a yearly rate. | 48.00 |

**PAYMENT SCHEDULE** This is a single payment contract with the "TOTAL OF PAYMENTS" amount due upon the "MATURITY DATE".

**PREPAYMENT:** Interest is calculated on a monthly basis and savings may be made by paying off the loan on or prior to monthly anniversary dates. (See "Schedule of Charges")

See the remainder of this contract for additional information concerning nonpayment and default and prepayment refunds or penalties.

S. BEVERLY WILSHIRE J & L

4 ITEMS          SAM FRANCIS          q     00:00
NONE             NONE
TIM HAWKINSON "SWEET TWEET" BRONZE SCULPTURE, 2004; SAM
FRANCIS ACRYLIC 1966 8.5' X 6.3'; SAM FRANCIS ACRYLIC 1965
54" X 25"; SAM FRANCIS ACRYLIC 1966 7.3' X 9.8' ALL UNTITLED

Org= 48301 Re= 51534 LA MODERN

We must return your property within two business days if your property is stored off premises.
Your pawned property will be stored ON ☐ OFF ☐ premises.

Customer Identification
CHRISMAS DOUGLAS
5514 WILSHIRE          LOS ANGELES        CA 90036
087040532          20 M W WHT BLU 5-1 190     CA

**Customer Privacy Notice:** We collect nonpublic personal information about you as a consumer, customer, or former customer from the following sources: • Information we receive from you on our pawn forms, loan documents, sales documents, or other forms; • Information about your transactions with us, our affiliates, or others. We do not disclose any nonpublic personal information about our customers or former customers to anyone, except to our affiliates and as permitted by law. We restrict access to nonpublic personal information about you to those employees who need to know that information to provide products or services to you. We maintain safeguards that restrict access to your nonpublic personal information.

### SCHEDULE OF CHARGES

| ON | AMT DUE | |
|---|---|---|
| 2/22/13 | 208000.00 | |
| 3/22/13 | 216000.00 | |
| 4/22/13 | 224000.00 | |
| 5/22/13 | 232000.00 | |
| 6/01/13 | 240003.00 | |

**• SEE REVERSE SIDE FOR TERMS AND CONDITIONS •**

**YOU MAY REDEEM THE PROPERTY YOU HAVE PLEDGED AT ANY TIME UNTIL THE CLOSE OF BUSINESS ON** 05/22/13 **. TO REDEEM YOU MUST PAY THE AMOUNT OF THE LOAN AND THE APPLICABLE CHARGES WHICH HAVE ACCRUED THROUGH THE DATE ON WHICH YOU REDEEM.**

By signing, I am stating that I agree that the pawned property will be stored in accordance with the terms stated in this contract, and that I have read the terms and conditions on the front and back of this contract and agree to them.

X

52376

| Explanation of Finance Charges | Interest | Ticket Writing Fee | Storage Fees | Gun Fees | Miscellaneous |
|---|---|---|---|---|---|
| | 32,000.00 | .00 | .00 | .00 | .00 |

This loan contract has been assigned by South Beverly Wilshire Jewelry & Loan to Israel Discount Bank of New York.

**ALL BUSINESS STRICTLY CONFIDENTIAL - NO INFORMATION GIVEN VIA PHONE - STORE COPY - NOT NEGOTIABLE**

| NAME LAST | FIRST | MIDDLE | LOAN/BUY NUMBER | AMOUNT |
|---|---|---|---|---|
| CHRISMAS DOUGLAS | | | 52376 | 200,000.00 |

| DRIVERS LICENSE NO. or OTHER I.D. | STATE | YEAR EXPIRES | TRANSACTION DATE MO/DAY/YR | TIME |
|---|---|---|---|---|
| | | | 1/22/13 | 00:00 |

| ADDRESS | STREET | | TRADE ☐ BUY ☐ PAWN ☒ |
|---|---|---|---|
| | | | CONSIGN ☐ AUCTION ☐ REWRITE |

| CITY | STATE | ZIP | SEX | RACE | HAIR | EYES | HEIGHT | WEIGHT |
|---|---|---|---|---|---|---|---|---|

| ITEM | BRAND | SERIAL | BIRTHDAY MO/DAY/YR |
|---|---|---|---|
| 4 ITEMS | SAM FRANCIS | NONE | 04/09/44 |

| MODEL | MAKE | CAL/GAU | PREVIOUS TICKET # | RIGHT THUMB PRINT |
|---|---|---|---|---|
| NONE | SAM FRANCIS | | 51534 | |

STORE LIC NO.
**1910-0991**

**SO. BEVERLY-WILSHIRE JEWELRY & LOAN**
251 S. Beverly Drive · Beverly Hills, CA 90212

POLICE DIV.
**BEVERLY HILLS**

Hand Gun ☐  Shot Gun ☐  Air Gun ☐
Rifle ☐  Bolt Action ☐  Pump ☐
Lever Action ☐  Single Shot ☐  Revol. ☐
Dbl. Brl. ☐  Semi. Auto ☐  Over Under ☐

TIM HAWKINSON "SWEET TWEET" BRONZE SCULPTURE, 2004; SAM
FRANCIS ACRYLIC 1966 8.5' X 6.3'; SAM FRANCIS ACRYLIC 1965
54" X 25"; SAM FRANCIS ACRYLIC 1966 7.3' X 9.8' ALL UNTITLED

X

**CUSTOMER'S SIGNATURE:** I certify under penalty of perjury that to my knowledge and belief the information above is true and complete and I am the owner, or have authority of the owner to sell or pledge the property.

STORE PERSON'S SIGNATURE

52376
CHRISMAS DOUG
01/22/2013
Pre#   51534
UXXXX
Org#   48301
Teller q
LA MODERN
4 ITEMS

**18**

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>THE OFFICIAL COMMITTEE OF UNSECURED<br>CREDITORS OF THE BANKRUPTCY ESTATE OF ART<br>AND ARCHITECTURE BOOKS OF THE 21ST CENTURY | DEFENDANTS<br>BEN JEWELRY, INC., a California corporation, dba<br>SOUTH BEVERLY-WILSHIRE JEWELRY & LOAN,<br>and dba THE DINA COLLECTION |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Victor A. Sahn (CA Bar No. 97299)<br>  vsahn@sulmeyerlaw.com<br>SulmeyerKupetz, A Professional Corporation<br>333 South Hope Street, Thirty-Fifth Floor<br>Los Angeles, California 90071-1406<br>Telephone: 213.626.2311 - Facsimile: 213.629.4520 | ATTORNEYS (If Known)<br>Michael F. Frank (CA Bar No. 125149)<br>  mfrankatty@aol.com<br>9901 Durant Drive, Suite H<br>Beverly Hills, CA  90212<br>Telephone: (310) 277-2559 |
| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee |

| CAUSE OF ACTION  Avoidance of Transfer 11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(1), § 3439.04(a)(2), §3439.05;<br>Avoidance of Transfer 11 U.S.C. § 548(a)(1)(A), §548(a)(1)(B); Avoidance of Transfer 11 U.S.C. § 547; Recovery of Transfer<br>11 U.S.C. § 550; Determination of Void Lien 11 U.S.C. § 506(d); Preservation of Transfer 11 U.S.C. § 551; Turnover of<br>Property of Estate 11 U.S.C. § 542(a); Turnover of Property of Estate and Payment of Debt 11 U.S.C. § 542(b); Disallowance<br>of Claim 11 U.S.C. § 502(d); and Declaratory Relief |
|---|

| NATURE OF SUIT |
|---|
| (Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.) |

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☒ 11-Recovery of money/property - §542 turnover of property<br>☒ 12-Recovery of money/property - §547 preference<br>☒ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation<br>    (other than domestic support)<br>☐ 65-Dischargeability - other |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☒ 21-Validity, priority or extent of lien or other interest in property | |
| **FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | **FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other |
| **FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | **FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation | **FRBP 7001(9) Declaratory Judgment**<br>☒ 91-Declaratory judgment |
| **FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,<br>    actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br><br>**(continued next column)** | **FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq<br>☐ 02-Other (e.g. other actions that would have been brought in state court<br>    if unrelated to bankruptcy case) |

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand At least $400,000.00 |

| Other Relief Sought:  Determination of Validity of Lien; Declaratory Relief |
|---|

American LegalNet, Inc.
www.FormsWorkflow.com

**B104 (FORM 104) (08/07), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Art and Architecture Books Of The 21st Century DBA Ace Gallery | BANKRUPTCY CASE NO.<br>2:13-bk-14135-RK | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Robert Kwan |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*/s/ Victor A. Sahn* | | |
| DATE<br><br>February 18, 2015 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Victor A. Sahn | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

American LegalNet, Inc.
www.FormsWorkflow.com