1
2
3
4

MICHAEL F. FRANK, ATTORNEY AT LAW
Michael F. Frank, Esq. (CA SBN 125149)
9903 Santa Monica Blvd., Suite 924
Beverly Hills, California 90212
Telephone: (310) 497-0120
Facsimile: (866) 279-2860
Email address: mfrankatty@aol.com

5
6
7

Attorneys for Creditors
        Ben Jewelry, Inc., a Cal. Corp. dba The Dina Collection
        and also dba South Beverly-Wilshire Jewelry & Loan

8    UNITED STATES BANKRUPTCY COURT

9    CENTRAL DISTRICT OF CALIFORNIA

10    LOS ANGELES DIVISION

11
12    In re
13    ART AND ARCHITECTURE BOOKS OF
      THE 21st CENTURY, dba ACE GALLERY,
14
15                Debtor-in-Possession.
16

17    THE OFFICIAL  COMMITTEE OF
18    UNSECURED CREDITORS et al.
19      vs.
20    BEN JEWELRY, INC., et al.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)_

In re Ch. 11   Proceeding

Bk Case No.: 2:13-bk-14135-RK
Adv. Case No.: 2:15-ap-01103-RK

MOTION BY DEFENDANT BEN
JEWELRY, INC. TO DISMISS COMPLAINT
FILED BY THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS PURSUANT
TO FRCivP Rule 12(b)

Hearing (Reserved – in excess 15 min. hrng) :
    Date:   April  28, 2015
    Time:  1:30 p.m.
    CtRm  1675
            255 East Temple Street
            Los Angeles, California 90012

21    TO:  HONORABLE  ROBERT  N.  KWAN,  US  BANKRUPTCY  JUDGE,  DEBTOR'S

22    COUNSEL, UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

23
24    Defendant Ben Jewelry, Inc. ("BJI") moves to dismiss the complaint (the "Complaint)

25    filed by the official committee of unsecured creditors of the bankruptcy estate of Art and

26    Architecture Books of the 21st Century (the "Committee") pursuant to FRCivP Rule 12(b).

27
28    DATED:  February 20, 2015

MICHAEL F. FRANK, ATTORNEY AT LAW
    By:_/s/ Michael F. Frank_____
MICHAEL F. FRANK, Esq., Attorney for Defendant BJI

1

BEN JEWELRY MOTION TO DISMISS ADVERSARY

# TABLE OF CONTENTS

**MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO RULE 12(b)** . . . . . . . . . . . . . . . . . .   6

**I.  FACTUAL BACKGROUND:** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

**II.  THE COMPLAINT IS SUBJECT TO DISMISSAL BY RULE 12(b):** . . . . . . . . . . 7

1. FRCivP RULE 12(b)(6) FAILURE TO STATE CLAIM FOR RELIEF: . . . . . . . . . . . . . 7

    A.  Each claim for relief contains merely insufficient conclusory allegations . . . . . .   8

    B. First claim for avoidance of transfer - 11 USC §544 & CivCode §3439.04(a)(1)  .  8

    C. Second claim for avoidance of transfer-11 USC §544 & *Civ. Code* §3439.04(a)(2)  11

    D. Third claim for avoidance of transfer under 11 U.S.C. § 544 & *CivCode* §3439.05 12

    E. Fourth claim is for avoidance of transfer under 11 U.S.C. § 548(a)(1)(A) . . . . . . .  12

    F. Fifth claim is for avoidance of transfer under 11 U.S.C. § 548(a)(1)(B) . . . . . . . . . 13

    G.  Sixth claim is for avoidance of transfer under 11 U.S.C. § 547. . . . . . . . . . . . . . 13

    H.  Seventh claim is for recovery of transfer under 11 U.S.C. § 550. . . . . . . . . . . . . 14

    I.  Eighth claim is for determination of void lien under 11 U.S.C. § 506(d) . . . . . . . 14

    J. Ninth claim is for preservation of transfer under 11 U.S.C. § 551. . . . . . . . . . . . 15

    K. Tenth claim for turnover of property of the estate under 11 U.S.C. § 542(a) . . . . 15

    L. Eleventh claim for turnover of property of the estate under 11 U.S.C. § 542(b) . . 16

    M. Twelfth claim for disallowance of claim under 11 U.S.C. § 502(d)  . . . . . . . . . 17

    N. Thirteenth claim for declaratory relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

    O.  Committee lacks Standing to Bring this Complaint . . . . . . . . . . . . . . . . . . . . . . . 20

**III. CONCLUSION:** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

BEN JEWELRY MOTION TO DISMISS ADVERSARY

1

## **TABLE OF AUTHORITIES**

2

*Cases:*

3

4    *Abele v. Mod. Fin. Plans Svcs. (In re Cohen)*, 300 F.3d 1097 (9th Cir. 2002) . . . . . . . . . . . . 8

5    *Avalanche Maritime, Ltd. v. Parekh (Parmetex)*, 199 F.3d 1029 (9th Cir. 1999) . . . . . . . . 18

6    *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912 (9th Cir. 2001) . . . . . . . . . . . . . 7

7    *Aulston v. Blanchard*, 83 F.3d 1 (1st Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

8    *Balistreri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F. 2d 696. . . . . . . . . . . . . . . . . . . . . . 7

9    *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

10   *Butner v. United States*, 440 U.S. 48, 55 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

11   *Catwil Corp.*, 175 B.R. 362, In re (Bankr.E.D.Cal.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

12   *CBS, Inc. v. Folks (In re Folks)*, 211 B.R. 378 (B.A.P. 9th Cir. 1997) . . . . . . . . . . . . . . . . . 18

13   *City and County of San Francisco v. Cobra Solutions, Inc.*, 38 Cal. 4th 839 (2006) . . . . . . . 19

14   *Colonial Mortgage Bankers Corp.*, In re, 324 F.3d 12 (1st Cir. 2003) . . . . . . . . . . . . . . . 7, 9

15   *Coral Petroleum, Inc. v. Banque Paribas-London*, 797 F.2d 1351 (5th Cir.1986) . . . . . . . . 18

16   *Curry and Sorenson, Inc.*, 57 B.R. 824 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

17   *Delorean Motor Co.*, In re, 991 F.2d 1236 (6th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . .  7

18   *Duckor Spradling & Metzger v. Baum Trust (P.R.T.C.)*, 177 F.3d 774 (9th Cir. 1999) . . . . . 18

19   *Jones,* 304 B.R. 462, In re (Bankr. N.D. Ala. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

20   *Henriksen v. Great American Savings & Loan*, 11 Cal. App. 4th 109 (1992) . . . . . . . . . . . . 19

21   *Liberty Mutual  v. Unsec. Creds. Comm. (Spaulding)*, 207 B.R. 899 (B.A.P. 9th Cir. 1997) 18, 19

22   *Louisiana World Exposition v. Federal Insurance Co.,* 858 F.2d 233      . . . . . . . . . . . . . . . 19

23   *Madrid v. Layers Title Ins. Corp*. (In re Madrid), 21 Bankr. 424 (BAP 9th Cir. 1982) . . . . . . 12

24   *Moore v. Hill* (2010) 188 Cal. App. 4th 1267   . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 14, 17

25   *Neitzke v. Williams* 490 U.S. 319 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

26

27

28

BEN JEWELRY MOTION TO DISMISS ADVERSARY

*Nolden v. Plant Reclamation* (*Amex-Protein Dev. Corp.*), 504 F. 2d 1056 (9th Cir.1974) . . 15

*People ex rel. Younger v. Andrus*, 608 F.2d 1247 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . 17

*Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Real Marketing Services, LLC, In Re,* 309 B.R. 783 (2004) . . . . . . . . . . . . . . . . . . . . . . . . 18

*Sierra Switch Board Co. v. Westinghouse Electric Corp.*, 789 F.2d 705, (9th Cir. 1986) . . . 17

*Smith Bros. Motors, Inc.*, In re 286 B.R. 905 (Bankr. N.D. Cal. 2002) . . . . . . . . . . . . . . . 18

*Spirtos v. One San Bernardino Cty* Estate of 2006 WL 933405 (9th Cir.Apr.12, 2006) . . . . 18

*Summers*, In re, 332 F.3d 1240 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Travelers Cas. & Sur. Co. of Am. V. Pac. Gas & Elec. Co.,* 549 U.S. 443 . . . . . . . . 10, 16, 17

*Van Dresser Corp.*, In re,128 F.3d 945 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Matter of Pointer*, 952 F.2d 82 (5th Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

<u>Statutes</u>:

11 U.S.C. § 502    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    14, 16

11 U.S.C. § 506    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15, 18

11 U.S.C. § 541    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    17

11 U.S.C. § 542    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

11 U.S.C. § 544    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 11, 12, 14, 15, 16

11 U.S.C. § 547    . . . . . . . . . . . . . . . . . . . . . . . . . . .    13, 14, 15, 16, 18

11 U.S.C. § 548    . . . . . . . . . . . . . . . . . . . . . . . . .    12, 13, 14, 15, 16, 18

11 U.S.C. § 549    . . . . . . . . . . . . . . . . . . . . . . . . .    10, 14, 15, 16, 17, 18

11 U.S.C. §550    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    7, 14, 16

11 U.S.C. § 551    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    15

11 U.S.C. § 1123    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    10, 16, 17

11 U.S.C. § 2201    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    17

BEN JEWELRY MOTION TO DISMISS ADVERSARY

*Cal. Bus. & Prof. Code* § 21628 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11, 16, 17

*Cal. Civ. Code* § 3439.05 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Cal. Comm. Code* § 9201(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Cal. Comm. Code* §§ 9301-9342 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Cal. Const.,* art. 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Cal. Fin. Code* §§ 21000 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10 15, 16, 17

*Cal. Fin. Code* § 21201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Federal Rules of Civil Procedure* Rule 8 . . . . . . . . . . . . . . . . . . 13, 14, 15, 16, 17, 18

*Federal Rules of Civil Procedure* Rule 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Federal Rules of Civil Procedure,* Rule 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

*Federal Rules of Civil Procedure,* Rule 17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Uniform Commercial Code, Art. 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

BEN JEWELRY MOTION TO DISMISS ADVERSARY

1
2

### MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF
### MOTION TO DISMISS PURSUANT TO RULE 12(b)

3

## I. FACTUAL BACKGROUND:

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The case was filed on February 19, 2013. The within adversary proceeding filed February 18, 2015 (two years after the petition was filed) and threatened within 24-hours of objecting to the Committee disclosure statement. BJI is a secured creditor [claim no. 2 – filed on March 1, 2013, true and correct copy attached to the complaint as Exhibit 1, adv. dkt. no. 1, main case dkt. no. 895] with a perfected possessory security lien as a pawnbroker and no cure to date from the debtor– for which the collateral is property of the estate. The amount of the pawn loan by borrower debtor is sufficient to permit any allowable interest rate. BJI has not sought a motion for relief from stay in order to complete the pawn foreclosure process and take possession of the collateral due to the value of the collateral making BJI over-secured [and Committee at the Complaint, Pg. 4 ¶11, lns. 20-21, admits that the value is $400,000 while the claim is for $300,000 plus interest – see Exhibit 1 to the Complaint]. The claim had completely matured by April and May 2013 – nearly two years ago. Note that the regular contract rate of interest on this pawn was 48% per annum. The Committee admits that Debtor has not paid BJI any post-petition adequate protection payments [Complaint, Pgs. 4-5, ¶13 ] There is no default increased interest rate – the interest rate to redeem remains the same at 48% per annum. This is all determined from plaintiff's Exhibit 1 claim with the pawn transaction pledge tickets attached [adv. dkt no. 1 and main case dkt. no. 895]. In the Complaint [adv. dkt. no. 1], Page 2, paragraph 6, lines 14-15, the Committee admits that Chrismas is the president and sole shareholder (i.e., sole owner and one in control) of the Debtor/DIP. BJI has control and possession of the collateral artwork in Exhibit 1 – which means a possessory security interest (Complaint, Pg. 4, ¶10, lns. 13-19).

BEN JEWELRY MOTION TO DISMISS ADVERSARY

## II.  THE COMPLAINT IS SUBJECT TO DISMISSAL BY RULE 12(b):

1. <u>FRCivP RULE 12(b)(6) FAILURE TO STATE CLAIM FOR RELIEF</u>:

*Federal Rules of Civil Procedure*, Rule 12(b)(6) permits a motion to dismiss the Complaint be brought if the pleading does not state a claim for which relief can be granted.  A Rule 12(b)(6) motion is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory".  *Balistreri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F. 2d 696, 699. Under a Rule 12(b)(6) motion, the material factual allegations of the Complaint are taken as true and construed in the light most favorable to Committee. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  The court does not consider outside material [except judicial notice or contained the court's files as indisputable]. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

The court may consider documents attached to the complaint and incorporated therein by reference (*In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12 (1st Cir. 2003)).  The BJI proof of claim containing the pawn pledge documents (the "Claim") is attached as Exhibit 1 to the pleading and incorporated therein (Complaint, ¶ 63).  The sole issue raised by a Rule 12(b)(6) motion is whether the facts pleaded,  if true, would establish a valid claim for relief.  *Neitzke v. Williams* 490 U.S. 319, 328-29, 109 S. Ct. 1827, 1833 (1989).

In making its decision, the Court need not accept as true formulaic or conclusionary allegations or legal characterizations; nor need it accept as true unreasonable inferences or unwarranted deductions of fact.   *In re Delorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). Courts need not "swallow the plaintiff's invective hook, line, and sinker; bald assertions,

BEN JEWELRY MOTION TO DISMISS ADVERSARY

1  unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited."

2  *Aulston v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996). This is particularly true with respect to the

3  pleading of fraud, which is subject to the particularity requirement of Rule 9(b).

4      A.  <u>Each claim for relief contains merely insufficient conclusory allegations.</u>

5  Each claim contains merely conclusionary allegations in violation of Federal Rule of Civil

6  Procedure 8(a)(2),  But each claim for relief will be addressed separately on their shortcomings.

7

8

9      B.  <u>First claim for avoidance of transfer under 11 USC §544 & Civ. Code §3439.04(a)(1)</u>

10  11 U.S.C. § 544(b)(1) requires "[e]xcept as provided in paragraph (2), the trustee may avoid any
transfer of an interest of the debtor in property or any obligation incurred by the debtor that is

11  voidable **under applicable law** . . ." and *Cal. Civ. Code* § 3439.04(a) requires "A transfer made
or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose

12  before or after the transfer was made or the obligation was incurred, if the debtor made the
transfer or incurred the obligation as follows: (1) With **actual intent to hinder, delay, or**

13  **defraud any creditor of the debto**r."   [**bold added for emphasis**]

14

15  State law determines the nature and extent of a debtor's interest in the Property. *Abele v. Mod.*

16  *Fin. Plans Svcs. (In re Cohen)*, 300 F.3d 1097, 1104 (9th Cir. 2002).

17

18  BJI is a licensed pawnbroker (see Complaint Exhibit 1).  Therefore, the state law governing such

19  pawn tickets (transactions and pledges) is the Pawnbrokers Act in Section 21000) of the

20  *California Financial Code* [along with some citations in other codes].  BJI has a perfected

21  security lien under such law by having the pawn pledge tickets and collateral possession (i.e., a

22  possessory security lien or interest which is not subject to avoidance). *Cal. Fin. Code* § 21201

23  states  "Every loan made by a pawnbroker for which goods are received in pledge as security

24  shall be evidenced by a written contract, . . . Every pawnbroker shall retain in his or her

25  possession every article pledged . . . "

26  ///

27  ///

28

8

BEN JEWELRY MOTION TO DISMISS ADVERSARY

*Cal. Bus. & Prof. Code* § 21628 states:

"Every secondhand dealer or coin dealer described in Section 21626 shall report daily, or on the first working day after receipt or purchase of secondhand tangible personal property, on forms or through an electronic reporting system approved by the Department of Justice, all secondhand tangible personal property, except for firearms, which he or she has purchased, taken in trade, taken in pawn, accepted for sale on consignment, or accepted for auctioning, to the chief of police or to the sheriff, in accordance with the provisions of Sections 21630 and 21633 and subdivision (j). The report shall be legible, prepared in English, completed where applicable, and include, but not be limited to, the following information:

(a) The name and current address of the intended seller or pledger of the property.

(b) The identification of the intended seller or pledger. The identification of the seller or pledger of the property shall be verified by the person taking the information. The verification shall be valid if the person taking the information reasonably relies on any one of the following documents, provided that the document is currently valid or has been issued within five years and contains a photograph or description, or both, of the person named on it, and, where applicable, is signed by the person, and bears a serial or other identifying number:

(1) A passport of the United States.

(2) A driver's license issued by any state or Canada.

(3) An identification card issued by any state.

(4) An identification card issued by the United States.

(5) A passport from any other country in addition to another item of identification bearing an address.

(6) A Matricula Consular in addition to another item of identification bearing an address.

(c) A complete and reasonably accurate description of serialized property, including, but not limited to, the following: serial number and other identifying marks or symbols, owner-applied numbers, manufacturer's named brand, and model name or number. Watches need not be disassembled when special skill or special tools are required to obtain the required information, unless specifically requested to do so by a peace officer. A special tool does not include a penknife, caseknife, or similar instrument and disassembling a watch with a penknife, caseknife, or similar instrument does not constitute a special skill. In all instances where the required information may be obtained by removal of a watchband, then the watchband shall be removed. The cost associated with opening the watch shall be borne by the pawnbroker, secondhand dealer, or customer.

(d) A complete and reasonably accurate description of nonserialized property, including, but not limited to, the following: size, color, material, manufacturer's pattern name (when known),

BEN JEWELRY MOTION TO DISMISS ADVERSARY

owner-applied numbers and personalized inscriptions, and other identifying marks or symbols. Watches need not be disassembled when special skill or special tools are required to obtain the required information, unless specifically requested to do so by a peace officer. A special tool does not include a penknife, case knife, or similar instrument and disassembling a watch with a penknife, case knife, or similar instrument does not constitute a special skill. In all instances where the required information may be obtained by removal of a watchband, then the watchband shall be removed. The cost associated with opening the watch shall be borne by the pawnbroker, secondhand dealer, or customer.

**(e) A certification by the intended seller or pledger that he or she is the owner of the property or has the authority of the owner to sell or pledge the property.**

(f) A certification by the intended seller or pledger that to his or her knowledge and belief the information is true and complete.

(g) A legible fingerprint taken from the intended seller or pledger, as prescribed by the Department of Justice. This requirement does not apply to a coin dealer, unless required pursuant to local regulation.

**(h) (1) When a secondhand dealer complies with all of the provisions of this section, he or she shall be deemed to have received from the seller or pledger adequate evidence of authority to sell or pledge the property for all purposes included in this article, and Division 8 (commencing with Section 21000) of the Financial Code. . . ." [bold for emphasis]**

Please take note that pawnbrokers such as BJI are exempt from the usury law.  See *Moore v. Hill* (2010) 188 Cal. App. 4th 1267.

The United States Supreme Court stated in *Butner v. United States*, "[p]roperty interests are created and defined by state law.  Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. *Butner v. United States*, 440 U.S. 48, 55 (1979). "[C]reditors' entitlements in bankruptcy rise . . . from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." *Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15, 20.   Confirmed in *Travelers Cas. & Sur. Co. of Am. V. Pac. Gas & Elec. Co.,* 549 U.S. 443.   That principal requires bankruptcy courts to consult state law in determining the validity of claims and liens. *Travelers Cas. & Sur. Co. of Am. V. Pac. Gas & Elec. Co.,* 549 U.S. 443, 450. After the enactment of 11 U.S.C. § 1123(d), courts must look at the underlying agreement and the

applicable state law to determine how much a debtor must pay to cure a default, a lien, security interest, or property interest.

Complaint Exhibit 1 shows that BJI is in compliance with *Cal. Bus. & Prof. Code §* 21628 (i.e., the pawn ticket) and so under state law and for all purposes against all claimants, BJI prevails and such possessory lien, pledge (transfer), and possession of collateral cannot be avoided nor collateral taken. An individual has to sign the pledge agreement since all of the identification information has to be provided by state law – and such individual executing same does not invalidate the pawn pledge.  And the individual signs the pledge agreement that he owns or has the authority to pledge the property and this cannot be challenged unless the collateral is stolen – of which there is no allegation of same, no police action, and clearly Chrismas, the sole owner of debtor, has the authority to pledge same as he is in control of the Debtor at the time of the pledge. And state law controls here for avoidance purposes, claims, security interest, and the like. So, on its face, the Committee cannot state a claim for relief and in fact states no actionable claim herein that would avoid the pledge nor return the collateral.

And no more than merely conclusionary allegations in violation of Federal Rule of Civil Procedure 8(a)(2) as to any hinder, delay or defraud.

So, there is no claim for relief stated nor can it be stated.

C. Second claim for avoidance of transfer - 11 USC §544 & *Civ. Code* §3439.04(a)(2)

11 U.S.C. §544 "(2) states "[w]ithout receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either: . . ." and *Civ. Code* §3439.04(a)(2) (2) states "[w]ithout receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor . . ."

A pawn transaction is an arms length transaction and is deemed in good faith even though a debtor receives far less than reasonably equivalent value due to the nature of a pawn transaction which exempts them from such a challenge of reasonably equivalent value as a matter of law.  *In*

BEN JEWELRY MOTION TO DISMISS ADVERSARY

1  *re Jones,* 304 B.R. 462 (Bankr. N.D. Ala. 2003).[1]  There would have to be allegations show that

2  this pawn transaction could not be in good faith.  If the court notes, the pawn tickets (Complaint

3  Exhibit 1) show $300,000.00 claim on the two pawn tickets at 48% interest per annum on a

4  $400,000.00 value [Complaint, Pg. 4 ¶11, lns. 20-21]– and two years have passed in this case –

5  so there is no windfall to pawnbroker BJI clearly on the face of the Complaint and BJI will be

6  losing interest and if  has to foreclose will not receive full value since pawns auction or

7  customers expect reduction in price for sale – the very definition of shopping at pawn shop.

8  So, there is no claim for relief stated herein nor can it be stated.

9

10      D. Third claim for avoidance of transfer under 11 U.S.C. § 544 and *Civ. Code* § 3439.05

11  *Civ. Code § 3439.05* states  "[a] transfer made or obligation incurred by a debtor is fraudulent as

12  to a creditor whose claim arose before the transfer was made or the obligation was incurred if the
   debtor made the transfer or incurred the obligation without receiving a reasonably equivalent

13  value in exchange for the transfer or obligation and the debtor was insolvent at that time or the

14  debtor became insolvent as a result of the transfer or obligation."

15      Again, the pawn transaction described herein is clearly arms length and in good faith

16  eliminating reasonably equivalent value as a pawn pledge may receive less than reasonably

17  equivalent value as a matter of law.  *In re Jones,* 304 B.R. 462 (Bankr. N.D. Ala. 2003). So,

18

19  there is no claim for relief stated herein.

20

21      E.   Fourth claim is for avoidance of transfer under 11 U.S.C. § 548(a)(1)(A)

22  11 U.S.C. § 548 states **"(a)(1)** The trustee may avoid any transfer (including any transfer to or
   for the benefit of an insider under an employment contract) of an interest of the debtor in

23  property, or any obligation (including any obligation to or for the benefit of an insider under an

24  employment contract) incurred by the debtor, that was made or incurred on or within 2 years
   before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

25  **(A) made such transfer or incurred such obligation with actual intent to hinder, delay, or
   defraud any entity** to which the debtor was or became, on or after the date that such transfer

26  was made or such obligation was incurred, indebted; or . . ."

27  ─────────────────
   [1] Reasonably equivalent value is manifested *per* se by "consideration received at a non-collusive

28  and regularly conducted foreclosure sale".  *Madrid v. Layers Title Ins. Corp.* (In re Madrid), 21
   Bankr. 424 (BAP 9th Cir. 1982).

BEN JEWELRY MOTION TO DISMISS ADVERSARY

And no more than merely conclusionary allegations in violation of Federal Rule of Civil Procedure 8(a)(2) as to any hinder, delay or defraud.  So, there is no claim for relief stated herein.

F.      Fifth claim is for avoidance of transfer under 11 U.S.C. § 548(a)(1)(B)

11 U.S.C. § 548 states . . . "**(B)(i)** received less than a reasonably equivalent value in exchange for such transfer or obligation; and **(ii)(I)** was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; **(II)** was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; **(III)** intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or **(IV)** made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business. . . . "

And again the pawn transaction described herein is clearly arms length and in good faith eliminating reasonably equivalent value as a pawn pledge may receive less than reasonably equivalent value as a matter of law.  *In re Jones,* 304 B.R. 462 (Bankr. N.D. Ala. 2003). So, there is no claim for relief stated herein.

G.      Sixth claim is for avoidance of transfer under 11 U.S.C. § 547

11 U.S.C. § 547  states: . . ."**(b)** Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
**(1)** to or for the benefit of a creditor;
**(2)** for or on account of an antecedent debt owed by the debtor before such transfer was made;
**(3)** made while the debtor was insolvent;
**(4)** made—
**(A)** on or within 90 days before the date of the filing of the petition; or
**(B)** between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and . . ."

The transfer or pledge was made at the time of the pawn transaction and debt being incurred – so not on account of an antecedent debt as to the Complaint 1 transaction not permitting a 11 U.S.C. § 547 claim for relief as to such pawn transactions.

BEN JEWELRY MOTION TO DISMISS ADVERSARY

As to alleged payments made on the pawn transaction, clearly the Committee has not noted that the pawn transaction does not receive interest nor principal against a debt – as one must pay the entire principal back within the stated time frames in order to have the collateral redeemed under the Pawnbrokers Act.  Payments made by or on behalf of a debtor are only made to extend or forbear foreclosure on the pawn transaction which means "new value" and the allegations do not so state that this payments are for anything else other than the stated purpose of forbearance of the foreclosure date for new value – see Exhibit 1 to the Complaint. And so not allocated to antecedent debt.  The principal is paid back in full to redeem and other payments are mere extensions of the pawn foreclosure date – nothing more. So, there is no claim for relief stated herein.. (Cal. Const., art. 15, § 1, italics added [exemptions].) *Moore v. Hill* (2010) 188 Cal. App. 4th 1267, 1280.

H.   Seventh claim is for recovery of transfer under 11 U.S.C. § 550

 11 U.S.C. Section 550 states **"(a)** Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553 (b), or 724 (a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from— **(1)** the initial transferee of such transfer or the entity for whose benefit such transfer was made; or **(2)** any immediate or mediate transferee of such initial transferee.
**(b)** The trustee may not recover under section (a)(2) of this section from—
**(1)** a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; or
**(2)** any immediate or mediate good faith transferee of such transferee. . . ."

Section 550 is not applicable unless there has been an avoidance under a prior claim so this does not state a claim for relief since there is no possible avoidance under the proposed theories.

I.  Eighth claim is for determination of void lien under 11 U.S.C. § 506(d)

11 U.S.C. § 506 states ". . .**(d)** To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—
**(1)** such claim was disallowed only under section 502 (b)(5) or 502 (e) of this title; or
**(2)** such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title."

14

BEN JEWELRY MOTION TO DISMISS ADVERSARY

The Complaint Exhibit 1 claim of $300,000 is not unsecured according to the alleged $400,000 value [Complaint, Pg. 4 ¶11, lns. 20-21] under 11 U.S.C. § 506(d) on its face and such transfer must be voluntary which flies in the face of the allegations unless Chrismas had authority from the debtor and was able to transfer.  And this is a possessory security lien and interest as a pawn and cannot be so avoided as explained in detail above in the first claim for relief. So, there is no claim for relief stated herein.

Also please note that although there are allegations involving same (e.g., ¶50) , *Cal. Comm. Code § 9201(b)* exempts California's Pawnbroker Law (*Cal. Fin. Code §§ 21000 et seq.*) from Article 9 of the Uniform Commercial Code (i.e., *Cal. Comm. Code §§ 9301-9342* {which in any case provides that no financing statement would be required for perfection merely the security agreement (pawn ticket) and possession of the collateral}. Note that Article 9 (UCC) defines a "security agreement" as "an agreement that creates or provides for a security interest. Courts have repeated that no magic words are necessary to create a security interest and that the agreement itself need not even contain the term `security interest.' This is in keeping with the policy of the code that form should not prevail over substance and that, whenever possible, effect should be given to the parties' intent. *See  Nolden v. Plant Reclamation* (*In re Amex-Protein Dev. Corp.*), 504 F. 2d 1056, 1059-60 (9th Cir.1974)

J. Ninth claim is for preservation of transfer under 11 U.S.C. § 551

11 U.S.C. § 551 states "[a]ny transfer avoided under section 522, 544, 545, 547, 548, 549, or 724 (a) of this title, or any lien void under section 506 (d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate."

Section 551 is not applicable unless there has been an avoidance under a prior claim so this does not state a claim for relief since there is no possible avoidance under the proposed theories.

K.     Tenth claim for turnover of property of the estate under 11 U.S.C. § 542(a)

11 U.S.C. § 542 states: "**(a)** Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate. . . ".

15

BEN JEWELRY MOTION TO DISMISS ADVERSARY

On its face, the Committee never contemplated the use of the BJI collateral until after

confirmation (disclosure dkt. no. 862, plan dkt. no. 863) and BJI being paid at least the principal.

And the face of the Complaint, Exhibit 1 shows a $300,000.00 claim on the two pawn tickets at

48% interest per annum for now two years on an over-secured claim (11 U.S.C. § 1123) on a

$400,000.00 value [Complaint, Pg. 4 ¶11, lns. 20-21] meaning that there is inconsequential value

or benefit to the estate on its face.

L. Eleventh claim for turnover of property of the estate under 11 U.S.C. § 542(b)

11 U.S.C. § 542 states that ". . . **(b)** Except as provided in subsection (c) or (d) of this section, an
entity that owes a debt that is property of the estate and that is matured, payable on demand, or
payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that
such debt may be offset under section 553 of this title against a claim against the debtor.

There are no more than merely conclusory allegations in violation of Federal Rule of

Civil Procedure 8(a)(2) as there are no grounds stated under state law or federal law to find for a

turnover of pawn collateral on a valid state law pawn pledge.  So, there is no claim for relief

stated herein and in fact the statute if unintelligible on these allegations.  *Cal. Fin. Code §*

*21000 et seq. and Bus & Prof. Code § 21628; Travelers Cas. & Sur. Co. of Am. V. Pac. Gas &*

*Elec. Co.,* 549 U.S. 443, 450.

M. Twelfth claim for disallowance of claim under 11 U.S.C. § 502(d)

11 U.S.C. § 502  states that " . . .**(d)** Notwithstanding subsections (a) and (b) of this section, the
court shall disallow any claim of any entity from which property is recoverable under section
542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522
(f), 522 (h), 544, 545, 547, 548, 549, or 724 (a) of this title, unless such entity or transferee has
paid the amount, or turned over any such property, for which such entity or transferee is liable
under section 522 (i), 542, 543, 550, or 553 of this title."

BJI has a valid pawn possessory security interest under state law as explained above and

will turnover collateral upon payment pursuant to state law and not before and the claim for

relief flies in the face of state law which is required to determine a claim and therefore no claim

for relief is stated herein as the claim is valid on its face (Complaint Exhibit 1 - 11 U.S.C. § 502)

BEN JEWELRY MOTION TO DISMISS ADVERSARY

and the security interest lien cannot be voided. *Travelers Cas. & Sur. Co. of Am. V. Pac. Gas & Elec. Co.,* 549 U.S. 443, 450; 11 U.S.C. § 1123(d).  Therefore, there cannot be a claim for relief stated herein unless some valid grounds for disallowing the claim involving state law are so stated. *Travelers, supra.*

N. <u>Thirteenth claim for declaratory relief</u>

11 U.S.C. § 2201 states that ". . . upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought . . .".  Note that *"obligations of, loans made by, or forbearances of"* a pawn broker (i.e., BJI) are exempt from usury as a matter of law.  See *Moore, supra.*  State law is applies to the Complaint Exhibit 1 and clearly not only does it qualify on its face as part of the Complaint under state law but that prevents claims against all comers by operation of state law on the pawn transaction. *Cal. Fin. Code* § 21000 *et seq. and Bus & Prof. Code § 21628; Travelers Cas. & Sur. Co. of Am. V. Pac. Gas & Elec. Co.,* 549 U.S. 443, 450

O. <u>Committee lacks Standing to Bring this Complaint</u>.

First, standing must be determined as of the date the action was filed and cannot be cured by later developments.  *People ex rel. Younger v. Andrus*, 608 F.2d 1247 (9th Cir. 1979).

Second, in the Complaint [adv. dkt. no. 1], Page 2, paragraph 3, lines 23 through 27, the Committee admits that the claims in the complaint for relief could be have been brought pre-petition in state court.

"Property of the estate" as defined in Bankruptcy Code §541is a very broad concept and it includes causes of action. *Sierra Switch Board Co. v. Westinghouse Electric Corp.*, 789 F.2d 705, 707 (9th Cir. 1986).

///

BEN JEWELRY MOTION TO DISMISS ADVERSARY

If a debtor could raise a claim at the commencement of the bankruptcy case, as herein, the claim becomes the exclusive property of the bankruptcy estate and *cannot* be asserted by a creditor. *In re Real Marketing Services, LLC,* 309 B.R. at 788; In *In re Van Dresser Corp.*, 128 F.3d at 947; See also, *CBS, Inc. v. Folks (In re Folks*), 211 B.R. 378 (B.A.P. 9th Cir. 1997); In *Estate of Spirtos v. One San Bernardino County Superior Court* Case Numbered SPR 02211, No. 03-56405, 2006 WL 933405 (9th Cir. Apr. 12, 2006).

Debtor could have sued BJI before bankruptcy to obtain a ruling on whether the pledge agreement was valid under state law as to the debtor versus its sole owner. (See *In re Summers*, 332 F.3d 1240,

Certain avoidance actions and stay violations may be able to be assigned to the Committee herein, but for the inability to stipulate and so confer the jurisdiction due to the conflict. In *Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.),* 177 F.3d 774 (9th Cir. 1999), *Avalanche Maritime, Ltd. v. Parekh (In re Parmetex, Inc.)*, 199 F.3d 1029 (9th Cir. 1999); *Liberty Mutual Ins. Co. v. Unsec. Creds. Comm. (In re Spaulding Composites Co., Inc.*), 207 B.R. 899 (B.A.P. 9th Cir. 1997); *In re Smith Bros. Motors, Inc.*, 286 B.R. 905 (Bankr. N.D. Cal. 2002) (creditor had no standing to sue under Bankruptcy Code §506(c) because any recovery under that section would pass directly to the creditor with no benefit to the estate, unlike recovery under an avoidance action under §547, §548 or §549).

Debtor through its counsel cannot ratify the Committee filing of the adversary since Debtor's counsel has a conflict of interest and holds confidential communications of the BJI principal and attorney for BJI in prior similar type litigation.  So, there cannot be a stipulation to confer standing herein.  See *Fed.R.Civ.P.*17(a); See *Coral Petroleum, Inc. v. Banque Paribas-London*,

BEN JEWELRY MOTION TO DISMISS ADVERSARY

797 F.2d 1351, 1362-63 (5th Cir.1986). The Committee was suppose to seek the consent for standing prior to the filing of the adversary for just this type of scenario as BJI would challenge such purported stipulation or conferred standing or consent [see stipulation and proposed order at main case dkt. nos. 902-903, objection filed to the proposed stipulation and order as dkt. no. 904 in the main case although the adversary was already filed]. *Curry and Sorenson, Inc.* 57 B.R. 824 (1986) at 828. And a full hearing on purported conferred standing must be held to present a lack of due process where there is an objection. *Louisiana World Exposition v. Federal Insurance Co.,* 858 F.2d at 247; *Matter of Pointer*, 952 F.2d 82, 88 (5th Cir.1992); See. e.g., *In re Catwil Corp*., 175 B.R. 362, 365 (Bankr.E.D.Cal.1994); *Liberty Mutual Ins. Co. v. Official Unsecured Creditors Committee*, 207 B.R. 899.

And the Debtor's counsel cannot coordinate, assist, nor have already nor in the future transmit such confidential communications and strategies to the Committee counsel and certainly cannot confer standing, derivative or not, upon the Committee and both firms are now tainted. Where an attorney is disqualified because he or she formerly represented - and therefore possesses confidential information of - an adverse party, "'vicarious disqualification of the entire firm is compelled as a matter of law.'" *Id*., quoting *Henriksen v. Great American Savings & Loan*, 11 Cal. App. 4th 109, 117 (1992); see *City and County of San Francisco v. Cobra Solutions, Inc.*, 38 Cal. 4th 839, 847 (2006).

This cannot be corrected by a later stipulation by Debtor's counsel. Debtor will not be able to stipulate to join in this adversary proceeding as Debtor's counsel has a conflict of interest (see dkt. no. 891 disclosure filed by Debtor's counsel within hours to the filing of this Complaint on February 18, 2015 by the Committee) and BJI will immediately move to disqualify debtor's firm and strike and void any stipulation given therefrom as such counsel was privy to

19

BEN JEWELRY MOTION TO DISMISS ADVERSARY

1  confidential information as to BJI's financial information, inner workings as to handling its pawn

2  transactions and liens, the mechanisms in place at BJI as to not only pawns but artwork, how the

3  principal and his counsel handle strategy in the same type of litigation as this Complaint mirrors

4  the other adversary action for which Debtor's counsel represented BJI and in fact was associated

5  with BJI's present counsel in this adversary proceeding in the other adversary proceeding and

6

7  jointly conducted strategy, pleadings, and meetings with BJI's principals as to substantive

8  hearings and appeal.

9  **III. CONCLUSION:**

10

11      The Complaint should be dismissed as it cannot be modified to state claims for relief.

12

13  Respectfully submitted,

14

15  DATED:  February 20, 2015

    MICHAEL F. FRANK, ATTORNEY AT LAW
    By:_/s/ Michael F. Frank_____

16      MICHAEL F. FRANK, Esq., Attorney for Defendant BJI

17

18

19

20

21

22

23

24

25

26

27

28

BEN JEWELRY MOTION TO DISMISS ADVERSARY

| | |
|---|---|
| In re:<br>ART AND ARCHITECTURE BOOKS OF THE 21ˢᵗ<br>CENTURY, dba ACE GALLERY, <br>                                                    Debtor. | CHAPTER:   11<br><br>Case No.: 2:13-bk-14135-RK |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:   9903 Santa Monica Blvd., Suite 924, Beverly Hills, CA  90212

A true and correct copy of the foregoing document described as **MOTION BY DEFENDANT BEN JEWELRY, INC. TO DISMISS COMPLAINT FILED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO FRCivP Rule 12(b)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On February 21, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) stated below:

[X] Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL:**
On February 21, 2015 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Via US Regular Mail:
Chambers of the Hon. Judge Robert Kwan
United States Bankruptcy Court-Central District CA
255 E. Temple Street, Suite 1682
Los Angeles, CA 90012

[ ] Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.  None.

[ ] Service information continued on attached page
I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| 02/21/2015 | Michael F. Frank | /s/ Michael F. Frank |
| *Date* | *Type Name* | *Signature* |

BEN JEWELRY MOTION TO DISMISS ADVERSARY

**I.    NEF NOTICE LIST**:

Ron Bender on behalf of Debtor Art and Architecture Books of the 21st Century
rb@lnbyb.com

Michael F Frank on behalf of Creditor Ben Jewelry, Inc.
mfrankatty@aol.com

Thomas M Geher on behalf of Debtor Art and Architecture Books of the 21st Century
tmg@jmbm.com, we1@jmbm.com;fc3@jmbm.com

Asa S Hami on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
ahami@sulmeyerlaw.com

Daniel A Lev on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
dlev@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com

Alvin Mar on behalf of U.S. Trustee United States Trustee (LA)
alvin.mar@usdoj.gov

Krikor J Meshefejian on behalf of Debtor Art and Architecture Books of the 21st Century
kjm@lnbrb.com

Kurt Ramlo on behalf of Debtor Art and Architecture Books of the 21st Century
kr@lnbyb.com

Victor A Sahn on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
vsahn@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com,asokolowski@sulmeyerlaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Beth Ann R Young on behalf of Debtor Art and Architecture Books of the 21st Century
bry@lnbyb.com

Jason Balitzer on behalf of Official Committee of Unsecured Creditors
jbalizer@sulmeyerelaw.com

Krikor J Meshefejian on behalf of Art and Architecture Books of the 21st Century
kjm@lnbrb.com

BEN JEWELRY MOTION TO DISMISS ADVERSARY