MICHAEL F. FRANK, ATTORNEY AT LAW
Michael F. Frank, Esq. (CA SBN 125149)
9903 Santa Monica Blvd., Suite 924
Beverly Hills, California  90212
Telephone: (310) 497-0120
Facsimile:  (866) 279-2860
Email address:  mfrankatty@aol.com

Attorneys for Creditors
    Ben Jewelry, Inc., a Cal. Corp. dba The Dina Collection
    and also dba South Beverly-Wilshire Jewelry & Loan

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ART AND ARCHITECTURE BOOKS OF THE 21st CENTURY, dba ACE GALLERY,<br><br>Debtor-in-Possession.<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS et al.<br><br>  vs.<br><br>BEN JEWELRY, INC., et al. | In re Ch. 11   Proceeding<br><br>Bk Case No.: 2:13-bk-14135-RK<br>Adv. Case No.: 2:15-ap-01103-RK<br><br>REPLY TO OPPOSITION TO MOTION BY DEFENDANT BEN JEWELRY, INC. TO DISMISS COMPLAINT FILED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO FRCivP Rule 12(b)<br><br>Hearing (Reserved – in excess 15 min. hrng) :<br>  Date:   April 28, 2015<br>  Time:   1:30 p.m.<br>  CtRm  1675<br>     255 East Temple Street<br>     Los Angeles, California 90012 |

TO: HONORABLE ROBERT N. KWAN, US BANKRUPTCY JUDGE, DEBTOR'S COUNSEL, UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

    Defendant Ben Jewelry, Inc. ("BJI") replies to the opposition to dismiss the complaint (the "Complaint) filed by the official committee of unsecured creditors of the bankruptcy estate of Art and Architecture Books of the 21st Century (the "Committee").

|  |  |
|---|---|
| DATED: April 14, 2015 | MICHAEL F. FRANK, ATTORNEY AT LAW<br>By: /s/ Michael F. Frank<br>MICHAEL F. FRANK, Esq., Attorney for Defendant BJI |

1

---

BEN JEWELRY REPLY TO OPPOSITION TO MOTION TO DISMISS

**MEMORANDUM OF POINTS AND AUTHORITES IN REPLY TO OPPOSITION TO MOTION TO DISMISS PURSUANT TO RULE 12(b)**

I.

COMPLAINT MUST BE WELL-PLEADED AND PLAUSIBLE ON THE FACTS

It is unknown how Plaintiff believes that it can just plead conclusory statements and not deal with issues raised in its own pleading as to plausibility and then cite cases that contradict their own argument. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (*Iqbal*) {requiring litigants to file complaints with "well-pleaded factual allegations" that lead to a plausible claim for relief}; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (*Twombly*) {noting that plaintiffs have to be able to plead "enough fact to raise a reasonable expectation that discovery will reveal evidence" of the claim asserted}.

*Twombly and Iqbal* certainly stand for the proposition that plaintiffs must come to court with a well-pleaded case.

II.

First claim for avoidance of transfer under 11 USC §544 & Civ. Code §3439.04(a)(1)

Not Plausible nor Pled Sufficiently for a Claim for Relief

First of all, there is a pawn transaction relied upon by plaintiff by attaching a pawn ticket as Exhibit 1 to the Complaint. State law determines the nature and extent of a debtor's interest in property. *Abele v. Mod. Fin. Plans Svcs. (In re Cohen)*, 300 F.3d 1097, 1104 (9th Cir. 2002). Bankruptcy courts are required to consult state law in determining the validity of claims and liens. *Travelers Cas. & Sur. Co. of Am. V. Pac. Gas & Elec. Co.,* 549 U.S. 443, 450.

///

After the enactment of 11 U.S.C. § 1123(d), courts must look at the underlying agreement and the applicable state law to determine how much a debtor must pay to cure a default, a lien, security interest, or property interest. Plaintiff does not cite any law to the contrary but argues merely that maybe some federal law might trump it but there is none cited in the opposition. But 11 U.S.C. § 544(b)(1) requires "voidable under applicable law " as an element to plead.

Secondly, plaintiff cannot cite to any law that contradicts that a California pawnbroker is protected against all claims if in compliance with *Cal. Bus & Prof. Code* § 21628 and then enumerates the various five separate requirements and actually confirms that this is the state law.

Therefore, state law controls, pawnbrokers are exempt if they comply with Section 21628, and there is no allegation in the complaint as to what is not in compliance with Section 21628 and nothing mentioned in the opposition. This is plaintiff's Complaint and it has to state a claim to relief that is plausible on its face (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*Iqbal*) and gives "defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Plaintiff alleges that BJI is a pawnbroker and such a transaction which is good as against all claims unless there is a defect in Section 21628. Plaintiff cannot just file a complaint and then try to find out how they would prevail – they have to give BJI notice. Plaintiff know that BJI cannot attach something containing private information, like fingerprints, to the proof of claim and Plaintiff must know by now that the police receive all pawn tickets in numerical order and examine them and make sure that all is in compliance. (i.e., they receive one of the copies and verify that each ticket is in compliance otherwise BJI is shut down).

///

///

3

BEN JEWELRY REPLY TO OPPOSITION TO MOTION TO DISMISS

So, the first claim for relief fails without facts or allegations as to the defect in Section 21628 which has not been enumerated in the Complaint and not even asserted in the opposition so that an amendment can be made. *Twombly and Iqbal.* Therefore, no amendment is possible.

What is the defect that permits a state law claim for relief here permitting an avoidance of a transfer. And there is no allegation as to how anything but an individual can complete the pawn 21628 requirements. The claim for relief is not plausible on its face and the elements cannot be met once a pawnbroker is alleged since now state law on pawnbrokers comes into play and there must be some allegation as to what 21628 requirement is violated to permit an avoidance. The alleged claim for relief is just a conclusory set of statements that are not even complete under the statutes that is not plausible under the common facts pled and without the applicable law.

### III.

### Second/Third/Fifth claim for avoidance of transfer –

### 11 USC§544 & *CivCode*§3439.04(a)(2)/11USC§544&*Civ.Code* §3439.05/11USC §548(a)(1)(B)

### Not Pled Sufficiently for a Claim for Relief

Plaintiff attempts to circumvent the *In re Jones,* 304 B.R. 462 (Bankr. N.D. Ala. 2003) holding that pawn transactions are in good faith. Movant had raised the conclusory allegations failure of Plaintiff to allege that there was less than equivalent value as the loan amount is alleged but no value for the pieces are alleged by Plaintiff – not even a ballpark amount or in magnitudes or percentages. Again, the second/third claim for relief is not sufficiently pled since there must be some notice to defendants what is the alleged less than equivalent value. *Twombly and Iqbal.*

///

///

4

BEN JEWELRY REPLY TO OPPOSITION TO MOTION TO DISMISS

One cannot tell what is the amount or which piece is allegedly non-equivalent value.[1] There are no such facts pled. The collateral is all lumped together without any sense of what is not equivalent. There are multiple pieces of collateral although lumped together by the Plaintiff.

IV.

<u>Fourth claim is for avoidance of transfer under 11 U.S.C. § 548(a)(1)(A)</u>

<u>Not Plausible nor Pled Sufficiently for a Claim for Relief</u>

Plaintiff, again, makes conclusory allegations that fly in the face of their own allegations making them implausible on its face. 11 U.S.C. § 548 requires the "debtor . . . (A) made such transfer . . ." and yet Plaintiff appears to be basing their complaint on the use of the principal Chrismas on the pawn ticket rather than the company but now claims that the debtor made the transfer? So, this requires allegations as to how the debtor can make the transfer under the pawn ticket but didn't make the transfer under the pawn ticket. Plaintiff complaint is unintelligible and implausible to the point of absurdity. *Twombly and Iqbal.*

V.

<u>Sixth claim is for avoidance of transfer under 11 U.S.C. § 547</u>

<u>Not Pled Sufficiently for a Claim for Relief</u>

The transfer or pledge was made at the time of the pawn transaction and debt being incurred as a matter of law – not on account of an antecedent debt not permitting a 11 U.S.C. § 547 claim for relief as to such pawn transactions.

///

///

///

---

[1] The Court should remember that Committee counsel claimed they had no appraisal nor value for the pieces as a judicial admission in open court.

5

BEN JEWELRY REPLY TO OPPOSITION TO MOTION TO DISMISS

As to alleged payments made on the pawn transaction, clearly the Committee has not pled that the pawn transaction does not receive interest nor principal against a debt – as one must pay the entire principal back within the stated time frames in order to have the collateral redeemed under the Pawnbrokers Act – as stated on Exhibit 1 to the Complaint (PAYMENT SCHEDULE This is a single payment contract with the 'TOTAL OF PAYMENTS amount due upon the MATURITY DATE" "TO REDEEM YOU MUST PAY THE AMOUNT OF THE LOAN AND THE APPLICABLE CHARGES ACCRUED THROUGH THE DATE ON WHICH YOU REDEEM"). Payments made by or on behalf of a debtor are only made to extend or forbear foreclosure on the pawn transaction which means "new value" and the allegations do not so state that this payments are for anything else other than the stated purpose of forbearance of the foreclosure date for new value – see Exhibit 1 to the Complaint. As a matter of law, the pawnbroker takes in a redemption payment or forbearance payment on pledged goods and nothing else. *Cal. Fin Code* § 21201. Therefore, without the additional allegations, the claim is not plausible nor well pled and cannot be maintained since the allegations are in contravention to state law and to the terms states on the pawn ticket incorporated into the Complaint. See *Twombly and Iqbal*.

VI.

Seventh claim is for recovery of transfer under 11 U.S.C. § 550

Is Implausible and Not Pled Sufficiently for a Claim for Relief

Section 550 is not applicable unless there has been an avoidance under a prior claim so this does not state a claim for relief since there is no possible avoidance under the proposed theories.

///

6

BEN JEWELRY REPLY TO OPPOSITION TO MOTION TO DISMISS

VII.

Eighth claim is for determination of void lien under 11 U.S.C. § 506(d)

Is Implausible and Not Pled Sufficiently for a Claim for Relief

The Complaint Exhibit 1 claim of $300,000 is not unsecured under 11 U.S.C. § 506(d) on its face and such transfer must be voluntary which flies in the face of the allegations unless Chrismas had authority from the debtor and was able to transfer. And this is a possessory security lien and interest as a pawn and cannot be so avoided as explained in detail above in the first claim for relief. So, there is no claim for relief stated herein and it is implausible. See *Twombly and Iqbal*.

VIII.

Ninth claim is for preservation of transfer under 11 U.S.C. § 551

Is Implausible and Not Pled Sufficiently for a Claim for Relief

Section 551 is not applicable unless there has been an avoidance under a prior claim so this does not state a claim for relief since there is no possible avoidance under the proposed theories. See *Twombly and Iqbal*.

IX.

Tenth claim for turnover of property of the estate under 11 U.S.C. § 542(a)

Is Implausible and Not Pled Sufficiently for a Claim for Relief

The face of the Complaint, Exhibit 1 shows a $300,000.00 claim on the two pawn tickets at 48% interest per annum for now two years on an over-secured claim (11 U.S.C. § 1123) [Complaint, Pg. 4 ¶11, lns. 20-21] meaning that there is inconsequential value or benefit to the estate on its

7

BEN JEWELRY REPLY TO OPPOSITION TO MOTION TO DISMISS

face. There are no allegations as to why the collateral is needed and for what use and for what benefit to the estate. There is just a conclusory allegation that debtor wants the collateral to use. So, based upon the value, this is implausible on its face and based upon the lack of sufficient allegations to show the proposed use or need based upon the unknown value – no claim for relief is sufficiently pled herein. See *Twombly and Iqbal.*

X.

<u>Eleventh claim for turnover of property of the estate under 11 U.S.C. § 542(b)</u>

<u>Not Pled Sufficiently for a Claim for Relief</u>

There are no more than merely conclusionary allegations with no grounds stated to find for a turnover of pawn collateral on a valid state law pawn pledge (under federal or state law). See *Twombly and Iqbal.*

XI.

<u>Twelfth claim for disallowance of claim under 11 U.S.C. § 502(d)</u>

<u>Not Pled Sufficiently for a Claim for Relief</u>

BJI has a valid pawn possessory security interest under state law against all claims *and Bus & Prof. Code § 21628* unless there is some allegation as to the requirements defect and since there is no avoidance from other claims, this is found in favor of BJI as a matter of law. See *Twombly and Iqbal (*Complaint Exhibit 1 states *"You are giving a security interest in the following pledges goods.")*

XII.

<u>Thirteenth claim for declaratory relief</u>

There is no controversy here as to usury as a matter of law since pawnbroker is pled and exempt. 11 U.S.C. § 2201 See *Moore v. Hill* (2010) 188 Cal. App. 4th 1267, 1280.

///

8

BEN JEWELRY REPLY TO OPPOSITION TO MOTION TO DISMISS

XIII.

Moot as to whether Committee lacks Standing to Bring this Complaint

The Court conferred standing [dkt. no. 949, order in the main case] after the filing of this 12b motion mooting the issue for this motion, and the argument was presented last in case of same.

XIV.

Conclusion

Complaint should be dismissed as it cannot be modified to state claims for relief. Plaintiff has not proposed any proposed language in which to amend the original complaint, which is basically required under *Twonbly* and *Iqbal* since the court may compare pleadings for contradictions and needs to know what will be amended. There is no effort other than a conclusory statement to explain what would be amended and the proposed language.

Respectfully submitted,

DATED: April 14, 2015

MICHAEL F. FRANK, ATTORNEY AT LAW
By: /s/ Michael F. Frank
MICHAEL F. FRANK, Esq., Attorney for Defendant BJI

9

BEN JEWELRY REPLY TO OPPOSITION TO MOTION TO DISMISS

| In re:<br>ART AND ARCHITECTURE BOOKS OF THE 21st CENTURY, dba ACE GALLERY,<br><div align="right">Debtor.</div> | CHAPTER:  11<br><br>Case No.: 2:13-bk-14135-RK |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:   9903 Santa Monica Blvd., Suite 924, Beverly Hills, CA  90212

A true and correct copy of the foregoing document described as **REPLY TO OPPOSITOIN TO MOTION BY DEFENDANT BEN JEWELRY, INC. TO DISMISS COMPLAINT FILED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO FRCivP Rule 12(b)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 14, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) stated below:

<div align="right">[X] Service information continued on attached page</div>

**2. SERVED BY UNITED STATES MAIL:**
On April 14, 2015 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

<u>Via US Regular Mail:</u>
Chambers of the Hon. Judge Robert Kwan
United States Bankruptcy Court-Central District CA
255 E. Temple Street, Suite 1682
Los Angeles, CA 90012

<div align="right">[ ] Service information continued on attached page</div>

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.  None.

<div align="right">[ ] Service information continued on attached page</div>

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 04/14/2015 | Michael F. Frank | /s/ Michael F. Frank |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

BEN JEWELRY REPLY TO OPPOSITION TO MOTION TO DISMISS

I.     **NEF NOTICE LIST**:

Ron Bender on behalf of Debtor Art and Architecture Books of the 21st Century
rb@lnbyb.com

Michael F Frank on behalf of Creditor Ben Jewelry, Inc.
mfrankatty@aol.com

Thomas M Geher on behalf of Debtor Art and Architecture Books of the 21st Century
tmg@jmbm.com, we1@jmbm.com;fc3@jmbm.com

Asa S Hami on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
ahami@sulmeyerlaw.com

Daniel A Lev on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
dlev@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com

Alvin Mar on behalf of U.S. Trustee United States Trustee (LA)
alvin.mar@usdoj.gov

Krikor J Meshefejian on behalf of Debtor Art and Architecture Books of the 21st Century
kjm@lnbrb.com

Kurt Ramlo on behalf of Debtor Art and Architecture Books of the 21st Century
kr@lnbyb.com

Victor A Sahn on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
vsahn@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com,asokolowski@sulmeyerlaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Beth Ann R Young on behalf of Debtor Art and Architecture Books of the 21st Century
bry@lnbyb.com

Jason Balitzer on behalf of Official Committee of Unsecured Creditors
jbalizer@sulmeyerelaw.com

Krikor J Meshefejian on behalf of Art and Architecture Books of the 21st Century
kjm@lnbrb.com

11

BEN JEWELRY REPLY TO OPPOSITION TO MOTION TO DISMISS