1    Alan I. Nahmias, Esq. SBN 125140
     **MIRMAN, BUBMAN & NAHMIAS, L.L.P.**
2    21860 Burbank Boulevard, Suite 360
     Woodland Hills, California 91367
3    Telephone:    (818) 995-2555
     Facsimile:    (818) 451-4620
4    Email:        anahmias@mbnlawyers.com

5    Attorneys for ERIC WILSON

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

10

11   In re:                              Case No. 2:13-bk-14135-RK

12   ART AND ARCHITECTURE BOOKS OF       Chapter 11
     THE 21ST CENTURY, dba ACE
13   GALLERY,                            Adv. No. 2:15-ap-01103-RK

14        Debtor and Debtor in Possession.    MOTION OF ERIC WILSON FOR
                                              LEAVE TO INTERVENE AS A
15   _____     PLAINTIFF AND AUTHORIZE FILING
                                          OF COMPLAINT IN INTERVENTION;
16   THE OFFICIAL COMMITTEE OF           MEMORANDUM OF POINTS AND
     UNSECURED CREDITORS OF THE          AUTHORITIES; DECLARATION OF
17   BANKRUPTCY ESTATE OF ART AND        ERIC WILSON IN SUPPORT THEREOF
     ARCHITECTURE BOOKS OF THE 21st
18   CENTURY,                            DATE:    October 27, 2015
                                         TIME:    2:30.m.
19        Plaintiff,                     PLACE:   Courtroom 1675

20        vs.

21   BEN JEWELRY, INC., a California
     corporation, dba SOUTH BEVERLY-
22   WILSHIRE JEWELRY & LOAN, and dba
     THE DINA COLLECTION,
23
24        Defendant.

25   _____

26   ///

27   ///

28   ///

                            {00375742} 1

1    TO THE HONORABLE ROBERT KWAN, UNITED STATES BANKRUPTCY JUDGE, THE

2    OFFICE OF THE UNITED STATES TRUSTEE, AND ALL PARTIES IN INTEREST, AND

3    THEIR ATTORNEYS OF RECORD:

4         Eric Wilson ("Wilson"), through his undersigned counsel, hereby moves the court for

5    leave to intervene as a Plaintiff in this adversary proceeding and seeks leave to file the Complaint

6    In Intervention to Determine the Nature, Extent And Priority Of Interests In Property, And For

7    Possession Of Personal Property, a true and correct copy of which is attached to the Declaration

8    of Eric Wilson filed in support of this Motion as Exhibit "C" and incorporated by this reference

9    as though fully set forth herein.

10

11   Dated:  October 6, 2015                        Respectfully submitted,
                                                     MIRMAN, BUBMAN & NAHMIAS, LLP
12

13                                                   By:  _____
                                                          ALAN I. NAHMIAS
14                                                        Attorneys for ERIC WILSON

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## BACKGROUND

This Motion is made upon the ground that Plaintiff's adversary proceeding was commenced seeking the recovery of five (5) pieces of art allegedly owned by Debtor which were wrongfully transferred to Defendant.  However, Wilson[1] recently learned that four of the five pieces of art at issue in this case, specifically:  (a) Sam Francis painting, acrylic on canvas, 1965, untitled, 54 x 25 (SFO 65-62); (b) Sam Francis painting, acrylic on canvas, 1966, untitled, 88 x 116 (SFO 66-4); (c) Sam Francis painting, acrylic on canvas, 1966, untitled, 104 x 76 (SFO 66-12); and (d) Sam Francis painting, acrylic on canvas, 1968, untitled, 138 x 156 (SFO 68-17) (collectively "Wilson/Sam Francis Artwork"), are items which he purchased from the Debtor or its predecessor several years ago and which were being stored at the Debtor's Gallery for the sole and exclusive benefit of Wilson.  It these items were pledged by the Debtor and/or its principal, Douglas Chrismas, to Defendant, it was without Wilson's knowledge, permission or consent. Wilson now seeks to intervene as a matter of right in this Adversary Complaint to assert his ownership and right to possession claims that only he has standing to assert and will pursue through the filing of a Complaint In Intervention ("Wilson Complaint").  A true and correct copy of the Wilson Complaint is attached to the Declaration of Eric Wilson, filed in support of this Motion, as Exhibit "C", and incorporated by this reference as though fully set forth herein.

///

///

///

///

///

---

[1] already the largest creditor of this estate, through his ownership of Wilson Administrative Services, Ltd. ("WASL"), which holds an allowed general unsecured claim in the amount of Eight Million Three Hundred Twenty-two Thousand Four Hundred Eight Dollars and Twenty-one Cents ($8,322,408.21) (See Claim No. 17-2), in addition to the allowed administrative claim of Telford Building, Ltd., which claim is in excess of One Hundred Eight Thousand Dollars ($108,000.00)

II.

## ERIC WILSON HAS AN UNCONDITIONAL RIGHT

## TO INTERVENE IN THIS ADVERSARY CASE

F.R.C.P. Rule 24 provides in pertinent part as follows:

"(a) Intervention of Right.

On timely motion, the court must permit anyone to intervene who

"(1) is given an unconditional right to intervene by a federal statute; or

"(2) claims an interest relating to the property or transaction that is the

subject of the action, and is so situated that disposing of the action may as a

practical matter impair or impede the movant's ability to protect its interest,

unless existing parties adequately represent that interest.

"(b) Permissive Intervention.

"(1) In General. On timely motion, the court may permit anyone to

intervene who

"(A) is given a conditional right to intervene by a federal statute; or

"(B) has a claim or defense that shares with the main action a

common question of law or fact.

* * *

"(c) Notice and Pleading Required. A motion to intervene must be served on the

parties as provided in Rule 5. The motion must state the grounds for intervention and be

accompanied by a pleading that sets out the claim or defense for which intervention is

sought."

Wilson submits that he has an unconditional right to intervene in this adversary

proceeding as 28 U.S.C. §1334(e) provides that, the district court has exclusive jurisdiction "of

all the property, wherever located, of the debtor as of the commencement of the case and of

property of the estate". Further, Plaintiff previously alleged the subject property is property of

the Debtor, and Wilson is an indispensable party to an adjudication of the right, title and

interest in and to the subject property which is required to be determined in an adversary

1  proceeding pursuant to Bankruptcy Rule 7001(2).  Alternately, Wilson claims an interest

2  relating to the property that is the subject of the action, and is so situated that disposing of the

3  action may as a practical matter impair or impede his ability to protect his interest which none

4  of the existing parties adequately represent as they each have alleged interests that are contrary

5  to the interest of Wilson.  As such, Wilson meets the criteria for satisfying both F.R.C.P

6  24(a)(1) and (a)(2).

7       While the party seeking to intervene as a right has the burden to show that requirements

8  for intervention are met, requirements are broadly interpreted in favor of intervention.  Citizens

9  for Balanced Use v. Montana Wilderness Association, 647 F.3rd 893 at 897 (9th Cir. 2011).

10      In the Citizens case, the court, citing another Ninth Circuit case, Prete v. Bradbury, 438

11  F.3d 949, 954 (9th Cir. 2006) analyzed a four-part test applied in Prete, all of which parts must be

12  satisfied by a party seeking to intervene in order for the Court to allow intervention:  "(1)

13  intervention application is timely; (2) applicant has significant protectable interest relating to

14  property or transaction that is subject of the action; (3) disposition of the action may, as a

15  practical matter, impair or impede applicant's ability to protect its interest; and (4) existing

16  parties may not adequately represent the applicant's interest."

17      In the present case, Wilson only recently learned about the attempted pledge of the

18  Wilson/Sam Francis Artwork by Chrismas and the Debtor to Defendant.  Wilson, as can be seen

19  by the invoices and wire transfer documents demonstrating his purchase and payment for the

20  Wilson/Sam Francis Artwork (see Exhibits "A" and "B" of Wilson Declaration attached hereto),

21  is the owner of these four paintings which are extremely valuable and clearly has an interest in

22  recovering them.  The disposition of this action without Wilson's participation would clearly be

23  extremely prejudicial to Mr. Wilson as it seeks to adjudicate the very issue Wilson is seeking

24  resolution of, the ownership of four of the five works of art in question, but could result in an

25  adjudication of his rights that impacts upon him without him fully participating in the action.

26      Finally, while it is not believed that the Committee now disputes Mr. Wilson's ownership

27  of these four works of art, a fact which was unknown to it at the time it commenced this

28  Adversary Complaint, it is highly unlikely that it will adequately represent Mr. Wilson's interest

1 | in the prosecution of this case, but rather that it will, instead, represent the interests of all general

2 | unsecured creditors in the case, as is the charge of Official Committees of Unsecured Creditors

3 | once formed.  Accordingly, Wilson has satisfied each of the four requirements set forth by the

4 | Ninth Circuit as most recently promulgated in the <u>Citizens for Balanced Use</u> case and Wilson's

5 | Motion to Intervene as Plaintiff should be granted.

6 | III.

7 | <u>WILSON ALSO HOLDS A CONDITIONAL RIGHT TO INTERVENE</u>

8 | Wilson submits that in the event that this Court determines he has not satisfied the criteria

9 | established by either F.R.C.P. Rule 24 (a)(1) or (a)(2), then he believes this Court should have

10 | little difficulty finding that Wilson's right to intervene is established by satisfying F.R.C.P.

11 | 24(b)(1)(B), as Wilson holds a claim that shares with the main action a common question of law

12 | or fact, namely the ownership of four of the five works of art in question.  Applying the same

13 | analysis as set forth above, and noting that the motion is timely, and the case is still in early

14 | stages, with little, if any, discovery having been completed, Wilson only recently having

15 | discovered the matters disclosed herein, and no discernable prejudice to the parties to this

16 | litigation, Wilson easily satisfies the requirements of Rule 24(b)(1)(B), providing an alternative

17 | grounds for the granting of his Motion.  <u>See</u> <u>Freedom From Religion Foundation, Inc. v.</u>

18 | <u>Geithner</u>, 644 F.3d 836, 843 (9th Cir. 2011).

19 | IV.

20 | <u>CONCLUSION</u>

21 | WHEREFORE, Eric Wilson prays that this Court grant his Motion to Intervene as a

22 | Plaintiff in this Adversary Proceeding, authorize the filing of the Wilson Complaint, and for

23 | such other and further relief as this Court may deem just and proper.

24 |

25 | Dated: October 6, 2015

Respectfully submitted,
MIRMAN, BUBMAN & NAHMIAS, LLP

26 |

27 | By:    /s/  Alan I. Nahmias
ALAN I. NAHMIAS

28 | Attorneys for ERIC WILSON

1

<u>DECLARATION OF ERIC WILSON</u>

2

I, Eric Wilson, declare:

3    1.    I have personal knowledge of the following facts, and if called upon to testify as a

4    witness thereto, I could and would do so.

5    2.    I am an individual, over the age of 18.

6    3.    I have made and executed this Declaration in support of my Motion for Leave to

7    Intervene as a Plaintiff in this Adversary Proceeding and anticipate that it will also be considered

8    in opposition to defendant Ben Jewelry, Inc.'s Notice of Motion and Motion for Partial Summary

9    Judgment as to the Complaint filed by the Official Committee of Unsecured Creditors.

10    4.    Over an approximately 20-year period between 1986 and 2006, I purchased at

11    least 105 different works of art from Art and Architecture Books of the 21st Century, the debtor

12    and debtor in possession in this case, and/or its predecessor (together, the "<u>Debtor</u>").  Included

13    among such works of art are the following four pieces of art which are identified in the Plaintiff

14    Committee's Complaint:

15    a.    On November 4, 2003, I purchased the Sam Francis painting, acrylic on

16    canvas, 1965, untitled, 54 x 25 (SFO 65-62).

17    b.    On November 4, 2003, I purchased the Sam Francis painting, acrylic on

18    canvas, 1966, untitled, 88 x 116 (SFO 66-4).

19    c.    On November 4, 2003, I purchased the Sam Francis painting, acrylic on

20    canvas, 1966, untitled, 104 x 76 (SFO 66-12).

21    d.    On November 4, 2003, I purchased the Sam Francis painting, acrylic on

22    canvas, 1968, untitled, 138 x 156 (SFO 68-17).

23    True and correct copies of an Invoice and Wire Transfer Confirmation evidencing my

24    purchase of and payment for these pieces of art are attached hereto as Exhibits "A" and "B"

25    respectively, and are incorporated by this reference as though fully set forth herein.

26    (Collectively, these four paintings shall be referred to as the "Wilson/Sam Francis Artwork".)

27    5.    Since my purchase of each of the foregoing pieces of art, pursuant to agreement

28    between Mr. Chrismas, the Debtor, and me, I have kept the art in storage with the Debtor.

1  Pursuant to such agreement, the Debtor held the Wilson/Sam Francis Artwork solely and strictly

2  for purposes of storing the art on my behalf, and, at no time did the Debtor or Mr. Chrismas have

3  any right or authority to transfer, pledge, encumber, trade, or otherwise dispose of or use of any

4  of the Wilson/Sam Francis Artwork without my knowledge or consent.

5      6.      I had absolutely no advance knowledge or grounds for suspecting that the Debtor

6  might or would purport to pledge, or grant a security interest in, the Wilson/Sam Francis

7  Artwork to defendant, Ben Jewelry.  The Debtor, at most, had possession of the Wilson/Sam

8  Francis Artwork for the sole and exclusive purpose of storing the pieces on my behalf.  Neither

9  the Debtor nor Mr. Chrismas ever, not then and not now: (i) had any right or authority to sell,

10  transfer, encumber, pledge, trade, or otherwise dispose of or use the Wilson/Sam Francis

11  Artwork in any fashion, (ii) had any right or authority to convey any security interest to Ben

12  Jewelry, Inc., (or anyone else), and (iii) had my consent to sell, transfer, encumber, pledge, trade,

13  or otherwise dispose of or use the Wilson/Sam Francis Artwork.

14      7.      A true and correct copy of the Complaint In Intervention By Eric Wilson To

15  Determine Nature, Extent And Priority Of Interests In Property, And For Possession Of Personal

16  Property which my counsel proposes to file on my behalf in the Committee v. Ben Jewelry case

17  is attached hereto as Exhibit "C" and incorporated by this reference as though fully set forth

18  herein.

19      I declare under penalty of perjury under the laws of the United States of America that the

20  foregoing is true and correct and that this declaration was executed on October 6, 2015, at

21  Vancouver, British Columbia, CANADA.

22

23  _____
   ERIC WILSON

24

25

26

27

28

# ACE GALLERY BEVERLY HILLS

### INSTITUTE OF CONTEMPORARY ART

9430 WILSHIRE BOULEVARD · BEVERLY HILLS · CALIFORNIA · 90212
TEL 310.858.9090 · FAX  310.858.9091 · ACEGALLERY@ACEGALLERY.NET

## INVOICE

ERIC WILSON                                         NOVEMBER 4, 2003
6451 TELFORD STREET
BURNABY, BC  V5H 2Y8
CANADA
T: 604.437.5716
F: 604.266.6030                                     PAGE 1 OF 2

ERIC WILSON IS PURCHASING THE FOLLOWING WORKS OF ART FROM ACE GALLERY
BEVERLY HILLS:

SAM FRANCIS
UNTITLED, 1968
ACRYLIC ON CANVAS
11' 6" X 13'
(SFP68-17)                          $90,000.00

SAM FRANCIS
UNTITLED, 1965
ACRYLIC ON CANVAS
54" X 25"
(SFP 65-62)                         $55,000.00

SAM FRANCIS
UNTITLED, 1966
ACRYLIC ON CANVAS
7' 3" X 9' 10 1/2"
(SFP 66-4)                          $90,000.00

CLIENT IS RESPONSIBLE FOR INSURANCE, PACKING, DELIVERY, AND INSTALLATION  IT IS UNDERSTOOD AND AGREED THAT
ALL ARTWORK REMAINS THE PROPERTY OF ACE GALLERY LOS ANGELES UNTIL PAYMENT IN FULL IS RECEIVED.  IN THE
EVENT OF A RESALE, IT IS ADVISED TO RETAIN THIS INVOICE AS PROOF OF OWNERSHIP AFTER FULFILLMENT OF THE
TERMS OF SALE.  A COPY OF THIS INVOICE WITH THE SIGNATURE OF THE ISSUER IS RECORDED IN GALLERY'S ARCHIVES
PURCHASER AGREES TO PAY 2% PER MONTH INTEREST ON DELINQUENT ACCOUNTS AND TO PAY ALL COLLECTION COSTS

EXHIBIT "_1_" PAGE _9_

# ACE GALLERY BEVERLY HILLS

I N S T I T U T E   O F   C O N T E M P O R A R Y   A R T

9430 WILSHIRE BOULEVARD · BEVERLY HILLS · CALIFORNIA · 90212
TEL 310.858.9090 · FAX 310.858.9091 · ACEGALLERY@ACEGALLERY.NET

# I N V O I C E

ERIC WILSON                                           NOVEMBER 4, 2003
6451 TELFORD STREET
BURNABY, BC  V5H 2Y8
CANADA
T: 604.437.5716
F: 604.266.6030                                       PAGE 2 OF 2

SAM FRANCIS
UNTITLED, 1966
ACRYLIC ON CANVAS
8' 6 1/2" X 6' 4"
(SFP 66-12)                          $95,000.00


SUBTOTAL                             $525,000.00

LESS FURTHER DISCOUNT FOR PAYMENT
RECEIVED BY WIRE TRANSFER ON
THURSDAY, NOVEMBER 4, 2003           $25,000.00

NO SALES TAX
SHIPPED OUT OF STATE UPON CLIENT'S INSTRUCTIONS
(CIRCA 11/2005 OR SOONER IF INSTRUCTED BY CLIENT)


TOTAL DUE UPON RECEIPT OF INVOICE    $500,000.00

DOUGLAS CHRISMAS

INVOICE #0241

CLIENT IS RESPONSIBLE FOR INSURANCE, PACKING, DELIVERY, AND INSTALLATION.  IT IS UNDERSTOOD AND AGREED THAT
ALL ARTWORK REMAINS THE PROPERTY OF ACE GALLERY LOS ANGELES UNTIL PAYMENT IN FULL IS RECEIVED  IN THE
EVENT OF A RESALE, IT IS ADVISED TO RETAIN THIS INVOICE AS PROOF OF OWNERSHIP AFTER FULFILLMENT OF THE
TERMS OF SALE  A COPY OF THIS INVOICE WITH THE SIGNATURE OF THE ISSUER IS RECORDED IN GALLERY'S ARCHIVES
PURCHASER AGREES TO PAY 2% PER MONTH INTEREST ON DELINQUENT ACCOUNTS AND TO PAY ALL COLLECTION COSTS

EXHIBIT " A " PAGE 10

# HSBC ◆⟨X⟩

HSBC Bank Canada

HSBC BANK CANADA
5210 KINGSWAY, BURNABY, B.C.,
V5H 2E9   (604)438-6411



| | | | Date | | Page |
|---|---|---|---|---|---|
| **140** | 2 | | 28NOV2003 | | 1 |

WILSON ADMINISTRATIVE
SERVICES LTD.
6451 TELFORD STREET
BURNABY,  BC  V5H 2Y8

| Account Number | Account Type | Currency |
|---|---|---|
| | CUI | CAD |

STATEMENT OF ACCOUNT

| Date | Details | Debit | Credit | Balance |
|---|---|---|---|---|
| 05NOV | TRANSFER<br>USD 500,000.00 SOLD @ 1.<br>3340 | | 667,000.00 | |

1   Alan I. Nahmias, Esq. SBN 125140
    **MIRMAN, BUBMAN & NAHMIAS, L.L.P.**
2   21860 Burbank Boulevard, Suite 360
    Woodland Hills, California 91367
3   Telephone:    (818) 995-2555
    Facsimile:    (818) 451-4620
4   Email:        anahmias@mbnlawyers.com

5   Attorneys for ERIC WILSON

6

7

8               **UNITED STATES BANKRUPTCY COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

10

11  In re:                                    Case No. 2:13-bk-14135-RK

12  ART AND ARCHITECTURE BOOKS OF             Chapter 11
    THE 21ST CENTURY, dba ACE GALLERY,
13                                            Adv. No. 2:15-ap-01103-RK

14       Debtor and Debtor in Possession.
                                              COMPLAINT IN INTERVENTION
15  ─────────────────────────────────        BY ERIC WILSON TO
                                              DETERMINE NATURE, EXTENT
16  THE OFFICIAL COMMITTEE OF                 AND PRIORITY OF INTERESTS
    UNSECURED CREDITORS OF THE                IN PROPERTY, AND FOR
17  BANKRUPTCY ESTATE OF ART AND              POSSESSION OF PERSONAL
    ARCHITECTURE BOOKS OF THE 21st            PROPERTY
18  CENTURY,

19       Plaintiff,

20  vs.

21  BEN JEWELRY, INC., a California
    corporation, dba SOUTH BEVERLY-
22  WILSHIRE JEWELRY & LOAN, and dba
    THE DINA COLLECTION,

23
         Defendant.
24
    ─────────────────────────────────
25  ERIC WILSON,

26
         Plaintiff In Intervention
27

28  (caption continues next page)

EXHIBIT "C" PAGE 12

{00375741} 1

1    v.

2

3    THE OFFICIAL COMMITTEE OF
     UNSECURED CREDITORS OF THE
4    BANKRUPTCY ESTATE OF ART AND
     ARCHITECTURE BOOKS OF THE 21st
5    CENTURY; BEN JEWELRY, INC., a
     California corporation, dba SOUTH
6    BEVERLY-WILSHIRE JEWELRY &
     LOAN, and dba THE DINA COLLECTION,

7

8        Defendants In Intervention.

9

10       Eric Wilson ("Wilson"), for his complaint against defendants, alleges as follows:

11       1.    This Court has jurisdiction over this complaint in intervention pursuant to 28

12   U.S.C. §§ 157(b)(1) and 1334(a).  This action is a core proceeding under 28 U.S.C.

13   §157(b)(2)(A), (B), (K), and (O).  This action is a proceeding arising in and/or related to the

14   bankruptcy case styled In re Art and Architecture Books of the 21st Century, Case No. 2:13-bk-

15   14135-RK (the "Bankruptcy Case"), which is a case under chapter 11 of title 11 of the United

16   States Code, 11 U.S.C. § 101 et seq, (the "Bankruptcy Code"), and which is pending in the

17   United States Bankruptcy Court for the Central District of California, Los Angeles Division (the

18   "Bankruptcy Court" or "Court").  Regardless of whether this proceeding is core, non-core, or

19   otherwise, Plaintiff consents to the entry of a final order and judgment by the Bankruptcy Court.

20       2.    Wilson is an individual who is 88 years old, and a citizen of Canada, residing in

21   Vancouver, British Columbia, Canada.

22       3.    Wilson is the President and sole shareholder of Wilson Administrative Services,

23   Ltd. (WASL"), the largest unsecured creditor of this estate, holding an allowed general

24   unsecured claim in the sum of Eight Million Three Hundred Twenty-two Thousand Four

25   Hundred Eight Dollars and Twenty-one Cents ($8,322,408.21) (See Claim No. 17-2).

26       4.    Wilson is also the President and sole shareholder of Telford Building, Ltd., a

27   Canadian corporation, which holds an allowed administrative claim of One Hundred Thousand

28

EXHIBIT "C" PAGE 13

{00375741} 2

1    Dollars ($100,000.00).

2    　　　5.　　The captioned adversary proceeding was commenced by the filing of a complaint

3    by the Official Committee of Unsecured Creditors of the Bankruptcy Estate of Art and

4    Architecture Books of the 21st Century (the "Committee") against Ben Jewelry, Inc., a

5    California corporation, dba South Beverly-Wilshire Jewelry & Loan, and dba The Dina

6    Collection ("Defendant Ben").

7    　　　6.　　The Committee's complaint seeks recovery of five items of art described as

8    follows:

9    　　"(a) "Tim Hawkinson 'Sweet Tweet' Bronze Sculpture, 2004";

10    　　(b) "Sam Francis Acrylic 1966 8.5' X 6.3' ";

11    　　(c) "Sam Francis Acrylic 1965 54" X 25" ";

12    　　(d) "Sam Francis Acrylic 1966 7.3' X 9.8' :' and

13    　　(e) Sam Francis Acrylic on Canvas, 1968, Titled SFO 68-17 11'6" Tall by 13' Wide"

14    　　　The paintings described in paragraphs (b) through (e) immediately above are collectively

15    referred to as "the Wilson/Sam Francis Artwork".

16    　　　7.　　The Committee's complaint alleges that all five pieces of art are the property of

17    the Debtor.

18    　　　8.　　The answer to the Committee's complaint filed by Defendant, Ben denies each

19    and all of the Committee's allegations regarding Debtor's ownership of the five pieces of art

20    and their transfer to Defendant, Ben.

21    　　　9.　　Wilson is informed and believes and based thereon alleges that the Wilson/Sam

22    Francis Artwork is in the possession of Defendant, Ben.

23    　　　10.　　Wilson is the true and lawful owner of each of the four pieces of art comprising

24    the Wilson/Sam Francis Artwork as described above, having purchased each of these paintings

25    from the Debtor or Debtor's predecessor at some time over the past thirty-five (35) years, and is

26    entitled to possession of same.

27    　　　11.　　Since the time of purchase of the Wilson/Sam Francis Artwork, pursuant to an

28    agreement with the Debtor, its principal, Douglas Chrismas ("Chrismas") and Wilson, the

EXHIBIT "  C  " PAGE  1A

{00375741} 3

1   Wilson/Sam Francis Artwork has been stored by the Debtor, solely on behalf of Wilson.

2       12.    At no time whatsoever, have the Debtor, its predecessor, or Chrismas ever had

3   any right or authority to transfer, pledge, encumber, trade or otherwise dispose of or use any of

4   the Wilson/Sam Francis Artwork, without Wilson's knowledge and express consent.

5       13.    At no time did the Debtor, its predecessor, or Chrismas notify Wilson of the fact

6   that the Wilson/Sam Francis Artwork was intended to be pledged as collateral for any purpose

7   whatsoever, nor did Wilson ever consent to the same

8

9       WHEREFORE, Wilson prays judgment as follows:

10      a.     Determining that Wilson is the sole owner of each item of the Wilson/Sam

11  Francis Artwork;

12      b.     Determining that neither Plaintiff nor Defendant has any right, title or interest in

13  or to the Wilson/Sam Francis Artwork;

14      c.     Awarding possession of the Wilson/Sam Francis Artwork to Wilson;

15      d.     For costs of suit incurred herein; and

16      e.     For such other and further relief as the court deems just and proper in the

17  premises.

18

19  Dated: _____, 2015              MIRMAN, BUBMAN & NAHMIAS, LLP

20

21                                      By: _____
                                            ALAN I. NAHMIAS
22                                          Attorneys for ERIC WILSON

23

24

25

26

27

28

EXHIBIT "_C_" PAGE _15_

{00375741} 4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
21860 Burbank Boulevard, Suite 360, Woodland Hills, CA 91367

A true and correct copy of the foregoing document entitled (*specify*):    __MOTION OF ERIC WILSON FOR LEAVE
TO INTERVENE AS A PLAINTIFF AND AUTHORIZE FILING OF COMPLAINT IN INTERVENTION;
MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ERIC WILSON IN SUPPORT
THEREOF__  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-
2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
____10/06/2015___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

Michael F Frank mfrankatty@aol.com
Asa S Hami ahami@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com; agonzalez@ecf.inforuptcy.com;
ahami@ecf.inforuptcy.com
Daniel A Lev dlev@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com; dlev@ecf.inforuptcy.com;
dwalker@sulmeyerlaw.com
Kurt Ramlo kr@lnbyb.com, kr@ecf.inforuptcy.com
David J Richardson drichardson@sulmeyerlaw.com, drichardson@ecf.inforuptcy.com
Victor A Sahn vsahn@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com; agonzalez@ecf.inforuptcy.com;
asokolowski@sulmeyerlaw.com; vsahn@ecf.inforuptcy.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
                                                        ☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ___10/06/2015___, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

PRESIDING JUDGE'S COPY
Honorable Robert Kwan
United States Bankruptcy Judge
255 East Temple Street, Suite 1682
Los Angeles, CA 90012
                                                        ☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.
                                                        ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 10/06/2015 | JACQUELINE DALE | |
| Date | Printed Name | Signature |

{00375822}This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                          **F 9013-3.1.PROOF.SERVICE**