MICHAEL F. FRANK, ATTORNEY AT LAW
Michael F. Frank, Esq. (CA SBN 125149)
9903 Santa Monica Blvd., Suite 924
Beverly Hills, California 90212
Telephone: (310) 497-0120
Facsimile: (866) 279-2860
Email address: mfrankatty@aol.com

Attorneys for defendant
    Ben Jewelry, Inc., a California Corporation
    dba South Beverly-Wilshire Jewelry & Loan,
    and dba the Dina Collection

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ART AND ARCHITECTURE BOOKS OF THE 21st CENTURY, dba ACE GALLERY,<br><br>Debtor-in-Possession.<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS et al.<br><br>vs.<br><br>BEN JEWELRY, INC., et al. | In re Ch. 11 Proceeding<br><br>Bk Case No.: 2:13-bk-14135-RK<br>Adv. Case No.: 2:15-ap-01103-RK<br><br>OPPOSITION BY DEFENDANT BEN JEWELRY, INC. TO MOTION FOR LEAVE TO INTERVENE BY ERIC WILSON<br><br>MSJ Hearing:<br>  Date:  October 27, 2015<br>  Time:  2:30 p.m.<br>  CtRm 1675<br>      255 East Temple Street<br>      Los Angeles, California 90012 |

TO: HONORABLE ROBERT N. KWAN, US BANKRUPTCY JUDGE, DEBTOR'S COUNSEL, UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

    PLEASE TAKE NOTICE that, Defendant BEN JEWELRY, INC., a California Corporation, dba SOUTH BEVERLY WILSHIRE JEWELRY & LOAN and also dba THE DINA COLLECTION (hereinafter the "Defendant" or "BJI"), opposes and responds to the motion by Eric Wilson for leave to intervene (the "Motion") in this adversary proceeding.

1

BEN JEWELRY OPPOSITION TO MOTION FOR LEAVE INTERVENE

1
2  DATED: October 8, 2015
3
4

MICHAEL F. FRANK, ATTORNEY AT LAW
By: /s/ Michael F. Frank
   MICHAEL F. FRANK, Esq.
Attorneys for defendant Ben Jewelry, Inc.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION AND RESPONSE TO MOTION BY ERIC WILSON FOR LEAVE TO INTERVENE

## I.

**NO ABSOLUTE RIGHT TO INTERVENE IN AN ADVERSARY PROCEEDING**

There is no absolute right by a creditor to intervene in an adversary proceeding. 11 U.S.C. § 1109(b), only certain parties in the main bankruptcy case like the Committee, and the creditor may only do so by a "timely motion" under Fed. R. Civ. P. 24(a). However, herein, certainly

Timeliness should be determined by the totality of the circumstances. *NAACP v. New York*, 413 U.S. 345, 366 (1973). "In stressing the importance of timely filing of a petition to intervene, courts have repeatedly emphasized that the concept of timeliness of a petition is not measured, like a statute of limitations, in terms of specific units of time, but rather derives meaning from assessment of prejudice in the context of the particular litigation." *P.R. Tel. Co.*, 637 F.3d at 15 (citing and quoting *Fiandica v. Cunningham*, 827 F.2d 825, 834 (1st Cir. 1987). "One of the core purposes of the timeliness requirement is to prevent disruptive, late-stage intervention that could have been avoided by the exercise of reasonable diligence," *R&G Mrtg. Corp. v. Fed. Home Loan Mrtg. Corp.*, 584 F.3d 1, 9 (1st Cir. 2009). *See also Liddell v. Caldwell*, 546 F.2d 768, 770 (8th Cir. 1976) (identifying as a guiding factor for timeliness the stage of proceedings); *Petrol Stops Northwest v. Continental Oil Co.*, 647 F.2d 1005, 1009-10 (9th Cir. 1981) (same); *Canterino v. Wilson*, 538 F. Supp. 62, 64 (W.D. Ky. 1982) (allowing United States to intervene six weeks before trial).

///

///

1  Certainly, this is not timely under the circumstances as not done after 12b, trial set, and now at
2  the motion for partial summary judgment by BJI does Wilson intervene as an opposition and set
3  for the same date. Clearly, BJI would be prejudiced since BJI will prevail on its motion and
4  Wilson has all of its state remedies to challenge BJI.
5
6
7  Wilson is not only the Official Creditor's Committee but the Committee Chair and so this
8  adversary was not mystery to him as the Committee is prosecuting the adversary proceeding, not
9  the debtor. Therefore, Wilson has had notice from the beginning through counsel who has to
10  keep the committee, and chair, informed of status.
11
12
13  The prejudice will further stem from a granting of the motion for partial summary judgment and
14  then BJI remains in the adversary without any interest really to the debtor or committee but a
15  party involving state court only claims in bankruptcy court rather than state court.
16
17
18  The timeliness factor was put in place to prevent what is being done in this case.
19

## II.

### NO JURISDICTION TO PROCEED IF MOTION FOR PARTIAL SUMMARY JUDGMENT IS GRANTED EXTRICATING BEN JEWELRY

25  The court may grant the entire motion for partial summary judgment or merely as to the property
26  claimed not property of the estate and so forth. Either way, there would be no need to have

4

BEN JEWELRY OPPOSITION TO MOTION FOR LEAVE INTERVENE

Wilson involved in the adversary since no property of the estate for the committee/debtor and those issues are state court claims .

If the Court grants the motion for partial summary judgment in its entirety then there is no jurisdiction left and the motion to intervene cannot intervene where there is no proceeding pending.

### III.

### NO PREJUDICE TO WILSON AS HAS HIS STATE COURT CLAIMS

All of the proposed claims of Wilson are state court claim (declaratory relief *Cal. Code Civ. Proc.* § 1060, quiet title *Cal. Code Civ. Proc.* § 761.20, et al.) and may be adjudicated in that forum and need not be in the bankruptcy forum so Wilson is not prejudiced.

### IV.

### WILSON CANNOT PREVAIL ON THE MERITS

### ON THE PROPOSED COMPLAINT IN INTERVENTION

And this intervention attempt is a waste of time and simply obstructive for the motion for partial summary judgment (and motion for relief by other creditor Westminster Finance) since Wilson cannot prevail on the merits on the claims raised in his complaint as he has filed a declaration set for the same date in the committee opposition to the motion for partial summary judgment for which paragraphs 4 and 5 are telling [court requested to take judicial notice of the declaration of Eric Wilson adversary docket number 35] and in moving papers.

BJI prevails even if Wilson has title and Wilson does not have title in any case so BJI would prevail on this issue.

5

BEN JEWELRY OPPOSITION TO MOTION FOR LEAVE INTERVENE

If one believes Wilson has title – *arguendo,* then not property of the Estate, Committee out of the case on those pieces and no bankruptcy issue and can be done in state court. But BJI prevails on title (i.e., Ace Gallery has title) and if Wilson had title, BJI prevails as there was no notice to BJI prior to the pawn.

The Committee and now Wilson has proffered the declaration of Eric Wilson, the committee chair, for the proposition that Wilson, not Ace Gallery, owns the main and valuable four collateral pieces of artwork involved in this action, namely:

    Sam Francis Untitled 1965 Acrylic on canvas 54"h x 25" (SFO 65-xx)
    Sam Francis Untitled 1966 Acrylic on canvas 88"h x 116" (SFO 66-xx)
    Sam Francis Untitled 1966 Acrylic on canvas 104"h x 76" (SFO 66-xx)
    Sam Francis Untitled 1968 Acrylic on canvas 138"h x 156" (SFO 68-17)

and that Ace Gallery is merely a "bailee" without any further interest as Wilson asserts that he purchased the property pre-pawn but never took possession/delivery and instead let the pieces be stored at Ace Gallery – a bailment arrangement – without permission to pledge, sell, and so forth. The Committee counsel placed their name on the Wilson Declaration. Wilson asserts not a consignment but merely a "bailment" (stored).   [Wilson Decl. ¶s 4-5 in opposition to the motion for partial summary judgment]

As a mere "bailee" the debtor has no interest in the property and therefore not property of the estate of Ace Gallery. *In re Warde Elec. Contrating, Inc.*, 308 B.R. 659, 664 (Bankr. S.D.N.Y. 2004).[1]

---

[1] Case law supports a literal reading of Section 362(d)(2), which considers only the debtor's equity in **property of the estate** but does not consider collateral owned by third parties. *See, e.g.,*

6

BEN JEWELRY OPPOSITION TO MOTION FOR LEAVE INTERVENE

Wilson under oath claims that he never took possession (i.e., no delivery nor shipment) as he left the purported purchased goods at Ace Gallery for storage from the moment he purportedly purchased them to date. When there is no delivery (and thereby no possession) and no shipment, no title has passed under any theory and Wilson is NOT the owner as a matter of law. *Cal. Comm. Code* §2401 (and the *UCC 2-401*). Wilson Decl. ¶s 4-5.

Cal. Comm. Code § 2401 states:

> "Each provision of this division with regard to the rights, obligations and remedies of the seller, the buyer, purchasers or other third parties applies irrespective of title to the goods except where the provision refers to such title. Insofar as situations are not covered by the other provisions of this division and matters concerning title become material the following rules apply:
> (1) Title to goods cannot pass under a contract for sale prior to their identification to the contract (Section 2501), and unless otherwise explicitly agreed the buyer acquires by their identification a special property as limited by this code. Any retention or reservation by the seller of the title (property) in goods shipped or delivered to the buyer is limited in effect to a reservation of a security interest. Subject to these provisions and to the provisions of the division on secured transactions (Division 9), title to goods passes from the seller to the buyer in any manner and on any conditions explicitly agreed on by the parties.
> (2) Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, despite any reservation of a security interest and even though a document of

---

*Nations Bank of Virginia, N.A. v. DCI Publishing of Alexandria, Inc.*, 160 B.R. 538, 541 (E.D. Va. 1993) (holding that a creditor's equity cushion stemming from other collateral on property not owned by debtor is not relevant under Section 362); *In re New Era Co.*, 125 B.R. 725 (S.D.N.Y. 1991) (certificate of deposit owned by nondebtor not considered since Section 362(d)(2) only demands an analysis of the debtor's equity); and *Western Farm Credit Bank v. Carmelo John Teresi*, 134 B.R. 392, 398 (E.D. Ca. 1991) (creditor was entitled to relief from the automatic stay because neither third-party creditor nor the debtors were entitled to have the creditor's debt allocated according to their respective demands). Focusing solely on the art owned by the Debtor, there is barely any equity and herein certainly the main pieces are not property of the estate – the *Sam Francis* collection.

BEN JEWELRY OPPOSITION TO MOTION FOR LEAVE INTERVENE

> title is to be delivered at a different time or place; and in particular and despite any reservation of a security interest by the bill of lading
>    (a) If the contract requires or authorizes the seller to send the goods to the buyer but does not require him to deliver them at destination, title passes to the buyer at the time and place of shipment; but
>    (b) If the contract requires delivery at destination, title passes on tender there.
>    (3) Unless otherwise explicitly agreed where delivery is to be made without moving the goods,
>    (a) If the seller is to deliver a tangible document of title, title passes at the time when and the place where he delivers such documents and if the seller is to deliver an electronic document of title, title passes when the seller delivers the document; or
>    (b) If the goods are at the time of contracting already identified and no documents of title are to be delivered, title passes at the time and place of contracting.
>    (4) A rejection or other refusal by the buyer to receive or retain the goods, whether or not justified, or a justified revocation of acceptance revests title to the goods in the seller. Such revesting occurs by operation of law and is not a "sale."

So, no delivery/shipment to anywhere and never possessed by Wilson and the various ways in which title may pass to Wilson or his company are not satisfied. So, Ace Gallery owns the collateral despite no declaration by Chrismas disputing the Wilson declaration, as a matter of law.

*Cal. Civ. Code* § 3543 states "Where one of two innocent persons must suffer by the act of a third, he, by whose negligence it happened, must be the sufferer."

"The concept of *Civil Code* section 3543 is basically an estoppel theory, addressing comparative fault between two innocent victims. It is based upon misplaced confidence by one victim resulting in victimization of the other: 'Misplaced confidence has been held to be negligence within section 3543 and has resulted in the estoppel of a true owner from asserting title against an innocent party. [Citations.]' [Citation.] '[S]ection 3543 ... "has been applied to bona fide

BEN JEWELRY OPPOSITION TO MOTION FOR LEAVE INTERVENE

purchasers for value from those who have been clothed with the indicia of ownership. (*Wurzl v. Holloway* (1996) 46 Cal.App.4th 1740, 1752 [54 Cal. Rptr. 2d 512].)" *South Beverly Wilshire Jewelry & Loan v. Superior Court (Gordon)* (2004) 121 Cal.App.4th 74, 81.

Herein, there was no prior notice to BJI of any disputed or other ownership in the pieces via a UCC-1 constructive notice or any actual notice as neither is raised by the Committee nor any UCC-1 proffered by the Committee and no notice of any such dispute put forth by BJI and this must be affirmatively pled to escape the operation of law in any case.

Therefore, BJI took as a good faith lender and admittedly paid value for the pieces being collateral.  Therefore, under the Code,  Wilson must suffer as between innocents since it could have protected itself by filing UCC-1s (and the Committee pleading it) on its possessions to give constructive notice in case of a theft, Ace Gallery pledging the property or even selling it, and so forth.  How could you not after this many years file a UCC-1 to protect yourself and the law therefore gives the edge to BJi herein since no notice given of the dispute pre-pawn.

Therefore, *arguendo* Wilson paid the money and thinks he purchased the pieces, BJI prevails on all causes of action as having a possessory interest and lien in the collateral.

BJI prevails as against Wilson since Ace Gallery has title since none passed to Wilson under the California Commercial Code (or UCC) and BJI prevails *arguendo* Wilson has title as no UCC-1 notice to BJI admittedly.  Therefore, BJI would still have its possessory pawn statutory and possessory lien against the collateral as Ace Gallery had title to pawn or arguendo Wilson had title and Ace Gallery did not have permission to pawn.

///

9

BEN JEWELRY OPPOSITION TO MOTION FOR LEAVE INTERVENE

## V.

## BJI PREVAILS ON LACK OF CREDIBILITY

## AND APPARENT LACK OF STANDING OF THE DEBTOR

## TO PROSECUTE THIS ADVERSARY PROCEEDING

This Court conferred standing upon the Committee to prosecute this adversary proceeding based upon the signature and permission of Douglas Chrismas (Exhibit C, Order Conferring Standing upon Committee from Chrismas). Either Chrismas knew there was an issue with the main pieces that are the subject of this action, or knew or thought Wilson owned them, or was taken by surprise. But if taken by surprise, where is the Chrismas Declaration placing the Wilson claims in dispute? And if he knew there was an issue, how could Chrismas let this action go forward. And if Chrismas didn't know there was an issue, where is the debtor and Chrismas now and why is the Committee permitting to proffer the Wilson Declaration with Committee Counsel's name on it? So, clearly the Committee now lacks standing by their own admission as to the four main pieces of collateral at issue in this proceeding at a minimum and the Committee prosecuted when Eric Wilson is not only on the committee, but the committee chair.

Certainly, BJI is the only credible party left in this proceeding. Wilson is the committee chair and lets the Committee prosecute an action to retrieve collateral of BJI to the Ace Gallery estate and says nothing prior to opposing the BJI motion for partial summary judgment. The Committee does not apparently know that it is wrongfully prosecuting the action against BJI? The Committee proffers the Wilson Declaration with Committee Counsel's name on the pleading.

Chrismas says nothing about the title issue of the subject collateral while permitting the Committee to pursue this action and providing standing in writing permitting this Court to confer

BEN JEWELRY OPPOSITION TO MOTION FOR LEAVE INTERVENE

standing to the Committee and if Chrismas is innocent and taken by surprise hereunder then where is his contrary declaration to the Wilson Declaration disputing ownership or permission?

Wilson waits over a decade to bring up his alleged ownership issue? [Wilson Decl]. The schedules are inaccurate at a minimum since the Wilson declaration was not challenged by Chrismas? Only BJI's motion for partial summary judgment awakens Wilson?

Wilson doesn't request the pieces back nor files anything to retrieve them once Ace Gallery filed bankruptcy? Only this motion jogs his memory?

Eric Wilson is on the Committee. The Committee's chair is Eric Wilson. The Committee is prosecuting this action? The Committee is now trying to create an ownership issue itself within itself and in conflict with its own interests to bring property back into the estate?

Ace Gallery pledged the collateral and renewed the pledges and signed pawn agreement that it owned or had authority to pledge the collateral several times.[2]

///

///

---

[2] On March 23, 2011 and October 17, 2011, ACE GALLERY obtained loans from pawnbroker BJI under original loan numbers 48301 and 49659, for remaining principal due of $200,000.00 and $100,000.00 under January 22, 2013 and December 3, 2012 renewal loan numbers 52376 and 52123[2], respectively, for which the remaining collateral and security with BJI is:
Sam Francis Untitled 1965 Acrylic on canvas 54"h x 25" (SFO 65-xx) ; Sam Francis Untitled 1966 Acrylic on canvas 88"h x 116" (SFO 66-xx); Sam Francis Untitled 1966 Acrylic on canvas 104"h x 76" (SFO 66-xx)    ; Sam Francis Untitled 1968 Acrylic on canvas 138"h x 156" (SFO 68-17)Tim Hawkinson Sweet Tweet, 2004 Patinated Bronze 55"h x 19" x 15"
[UDF No. 11; Exhibit A, Complaint; Exhibit D, original loan pawn tickets; Exhibit B, renewal pawn tickets – proof of claim].

BEN JEWELRY OPPOSITION TO MOTION FOR LEAVE INTERVENE

The Committee put forth several plan versions in the main case all attempting to grab for the estate of Ace Gallery the BJI collateral as owned by Ace Gallery.[3] So, the debtor Ace Gallery and Committee are not credible.

How can the Court give more than nominal credibility to any evidence put forth by Chrismas, Wilson, debtor Ace Gallery, and the Committee in this proceeding at this point. So, just on that basis alone, the Court deny the motion.

## VI.
## CONCLUSION

The Court should deny this Motion.

DATED: October 8, 2015

MICHAEL F. FRANK, ATTORNEY AT LAW
By: _/s/ Michael F. Frank_____
  MICHAEL F. FRANK, Esq.
Attorneys for defendant Ben Jewelry, Inc.

---

[3] The plan proposed class 4 treatment for BJI is stated as:
   ". . . the Plan Agent appointed pursuant to the Plan will repay the allowed Class 4 claim in cash equal to the full amount of such allowed Class 4 claim, including interest, attorney fees, and/or expenses allowable under any agreement between the Debtor and BJI, and/or under federal or state law pursuant to a further order of the Bankruptcy Court. By a date which is not more than twenty-four (24) months after the Effective Date, the Plan Agent shall sell and otherwise monetize the collateral which secures the Class 4 claim and utilize the proceeds to pay all principal, interest, costs, and attorneys' fees to which the Class 4 claim may be entitled. Upon payment of the allowed Class 4 claim, BJI shall return to the Estate any collateral held by BJI as security for the payment of such claim, and release any claims, liens, and other asserted interests in such collateral, provided, however, that if the collateral for the Class 3 claim is not sold by the Plan Agent within twenty four (24) months after the Effective Date, the collateral shall be surrendered by the Plan Agent to the holder of the Class 4 claim in full and final satisfaction of the Class 4 claim. Absent the written consent of the holder of the Class 4 claim, the Plan Agent shall only sell the collateral for the Class 4 claim if the Plan Agent determines that the net sale proceeds will be in an amount sufficient to pay the allowed amount of the Class 4 claim, in full, including any interest, costs, and attorneys' fees to which the Class 4 creditor may be entitled. BJI has been sued bythe Creditors Committee to, among other things, avoid its lien and disallow the Class 4 claim. . . . At this time, the Creditor's Committee believes the amount of the Class 4 claim is $300,000. BJI contends that is the holder of an oversecured claim which is entitled to contractual interest at the pawn contract rate at 48%, plus contractual attorneys' fees and costs."    [dkt. no. 1019, pages 28-29, ¶ 4.4, first amended committee proposed plan]

12

BEN JEWELRY OPPOSITION TO MOTION FOR LEAVE INTERVENE

| In re:<br>ART AND ARCHITECTURE BOOKS OF THE 21st CENTURY, dba ACE GALLERY, <br><br>Debtor. | CHAPTER:  11<br><br>Case No.: 2:13-bk-14135-RK |
|---|---|

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:   9903 Santa Monica Blvd., Suite 924, Beverly Hills, CA  90212

A true and correct copy of the foregoing document described as **OPPOSITION BY DEFENDANT BEN JEWELRY, INC. TO MOTION FOR LEAVE TO INTERVENE BY ERIC WILSON ]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On October 9, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) stated below:

[X] Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On October 9, 2015 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Via US Regular Mail:
Chambers of the Hon. Judge Robert Kwan
United States Bankruptcy Court-Central District CA
255 E. Temple Street, Suite 1682
Los Angeles, CA 90012

[ ] Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will completed no later than 24 hours after the document is filed.  None.

[ ] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 10/09/2015 | Michael F. Frank | /s/ Michael F. Frank |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

13

BEN JEWELRY OPPOSITION TO MOTION FOR LEAVE INTERVENE

**I.    NEF NOTICE LIST**:

Ron Bender on behalf of Debtor Art and Architecture Books of the 21st Century
rb@lnbyb.com

Michael F Frank on behalf of Creditor Ben Jewelry, Inc.
mfrankatty@aol.com

Thomas M Geher on behalf of Debtor Art and Architecture Books of the 21st Century
tmg@jmbm.com, we1@jmbm.com;fc3@jmbm.com

Asa S Hami on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
ahami@sulmeyerlaw.com

Daniel A Lev on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
dlev@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com

Alvin Mar on behalf of U.S. Trustee United States Trustee (LA)
alvin.mar@usdoj.gov

Krikor J Meshefejian on behalf of Debtor Art and Architecture Books of the 21st Century
kjm@lnbrb.com

Kurt Ramlo on behalf of Debtor Art and Architecture Books of the 21st Century
kr@lnbyb.com

Victor A Sahn on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
vsahn@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com,asokolowski@sulmeyerlaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Beth Ann R Young on behalf of Debtor Art and Architecture Books of the 21st Century
bry@lnbyb.com

Jason Balitzer on behalf of Official Committee of Unsecured Creditors
jbalizer@sulmeyerelaw.com

Krikor J Meshefejian on behalf of Art and Architecture Books of the 21st Century
kjm@lnbrb.com

BEN JEWELRY OPPOSITION TO MOTION FOR LEAVE INTERVENE