FILED & ENTERED

OCT 26 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**ORDER NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>ART AND ARCHITECTURE BOOKS OF THE 21ST CENTURY, dba ACE GALLERY,<br><br>Debtor. | Case No. 2:13-bk-14135-RK<br><br>Chapter 11<br><br>Adv. No. 2:15-ap-01103-RK |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE BANKRUPTCY ESTATE OF ART AND ARCHITECTURE BOOKS OF THE 21ST CENTURY,<br><br>Plaintiff,<br><br>vs.<br><br>BEN JEWELRY, INC., a California corporation, dba SOUTH BEVERLY-WILSHIRE JEWELRY & LOAN, and dba THE DINA COLLECTION<br><br>Defendant. | **ORDER GRANTING ERIC WILSON'S MOTION FOR LEAVE TO INTERVENE AS A PLAINTIFF AND AUTHORIZE FILING OF COMPLAINT IN INTERVENTION AND CONTINUING HEARING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SET FOR OCTOBER 27, 2015 AND RESETTING BRIEFING AND HEARING SCHEDULE** |

Pending before the court is the Motion of Eric Wilson ("Mr. Wilson") for Leave to Intervene as a Plaintiff and Authorize Filing of Complaint in Intervention ("Motion to

Intervene"), ECF 36, which is set for hearing on October 27, 2015 at 2:30 p.m., and the Motion of Defendant Ben Jewelry, Inc. ("Defendant") for Summary Judgment ("Motion for Summary Judgment"), ECF 24, which is set for hearing on October 27, 2015 at 3:00 p.m.

Regarding the Motion to Intervene, having considered the moving, opposing and reply papers, the court determines that oral argument on the Motion to Intervene is unnecessary, dispenses with oral argument, takes the Motion to Intervene under submission, vacates the hearing on this motion on October 27, 2015 at 2:30 p.m., grants the Motion to Intervene based on intervention as of right pursuant to Federal Rule of Civil Procedure 24(a)(2), made applicable to this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7024.  In order to afford Mr. Wilson the opportunity to protect his alleged property interests in the art works, which are the subjects of the litigation in this adversary proceeding, the court continues the hearing on the Motion for Summary Judgment to December 2, 2015 to afford him an opportunity to file a written opposition to this motion, vacates the October 27, 2015 3:00 hearing, sets a new briefing schedule, and rules as follows:

Federal Rule of Civil Procedure 24(a)(2) provides:

> On timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

In *Prete v. Bradbury*, 438 F.3d 949 (9th Cir. 2006), the Ninth Circuit held that an applicant for intervention as of right under Rule 24(a)(2) must demonstrate the following:

> (1) the intervention application is timely; (2) the applicant has a 'significant protectable interest relating to the property or transaction that is the subject of the action'; (3) 'the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest'; and (4) 'the existing parties may not adequately represent the applicant's interest.'

438 F.3d at 954, *citing and quoting United States v. Alisal Water Corp.,* 370 F.3d 915, 919 (9th Cir. 2004).  Although the party seeking to intervene bears the burden of

2

proving those four elements, "the requirements for intervention are broadly interpreted in favor of intervention." *Prete v. Bradbury*, 438 F.3d at 954.

The court determines that based on Mr. Wilson's declaration and the exhibits attached thereto, his claimed property interests are vulnerable if the court does not grant the Motion to Intervene in this adversary proceeding. Through his Motion to Intervene, Mr. Wilson seeks to file a complaint to determine, among other things, that he owns four of the five art works at issue in this adversary proceeding. Although the Motion to Intervene was filed on October 6, 2015, almost eight months after the adversary complaint was filed on February 18, 2015, as attested to in Mr. Wilson's declaration, he only recently discovered that four of the five art works at issue may belong to him, which indicates that he has a significant protectable interest in the property that is the subject of the action. While the court reserves ruling on the merits of Mr. Wilson's claims of ownership until the appropriate time in this adversary proceeding, any disposition of the subject property in this adversary proceeding without his participation may impair or impede his ability to protect such an ownership interests as this adversary proceeding may determine the rights of ownership and possession of the art works as between Debtor and Defendant by determining whether the art works should be returned to Debtor's bankruptcy estate or whether Defendant is allowed to keep the art works as its loan collateral, which may adversely affects his property interests in the art works. The court also determines that for purposes of the Motion to Intervene, Mr. Wilson's property interests are not adequately protected by the existing parties in the current adversary proceeding. That is, neither the Committee nor Defendant is aligned with Mr. Wilson in his claim of ownership to the art works to adequately represents his interests. Although Mr. Wilson is the Chairman of the Committee of Unsecured Creditors ("Committee"), the formal plaintiff in this adversary proceeding, the Committee does not adequately represent his interests as an individual creditor because the Committee wants the four art works to be returned to Debtor's bankruptcy estate and not to him as an individual

creditor. Defendant filed an opposition to the Motion to Intervene, which does not contravene Mr. Wilson's prima facie showing under Rule 24(a)(2), arguing that the court should abstain based on Mr. Wilson's arguments that he owns the art works, which indicates to it that the art works are not property of Debtor's bankruptcy estate. In reply, citing *In re Perl,* 513 B.R. 566, 572 (9th Cir. BAP 2014), Mr. Wilson argues that the estate may have possessory rights to the art works, which may be recognized to preserve value for the estate. These are issues that should be resolved in adjudicating the merits of the adversary complaint by the Committee against Defendant and on Mr. Wilson's complaint in intervention. There is no pending motion for the court to abstain from resolving these issues on the merits, and the court is not deciding any request to abstain based on the pending motions.

Based on the foregoing, the court orders as follows:

1. The hearings on October 27, 2015, on both motions, the Motion to Intervene and the Motion for Summary Judgment, are vacated and taken off calendar. No appearances are required on October 27, 2015.

2. The Motion to Intervene is granted pursuant to Federal Rule of Civil Procedure 24(a)(2), made applicable here under Federal Rule of Bankruptcy Procedure 7024. Because the court grants intervention as of right, the court need not rule upon the alternative grounds of permissive intervention under Federal Rule of Civil Procedure 24(b) asserted in the Motion to Intervene.

3. Mr. Wilson must file his complaint in intervention in this adversary proceeding within seven days of the date of entry of this order.

4. Mr. Wilson must file and serve any written opposition to the Motion for Summary Judgment by November 19, 2015. Defendant may file and serve any reply to Mr. Wilson's opposition by November 26, 2015.

5. The hearing on Defendant's Motion for Summary Judgment is continued to December 9, 2015 at 1:30 p.m. in Courtroom 1675, Roybal Federal Building, 255 East Temple Street, Los Angeles, California.

IT IS SO ORDERED.

###

Date: October 26, 2015

_____
Robert Kwan
United States Bankruptcy Judge